# Marcus *v.* The State.

*Indictment for Selling Liquor without License.*

1. *Sale of whiskey under pretense of gift, with sale of other articles.* When the uncontroverted evidence shows an actual sale of whiskey by the defendant, it being called for, delivered, and the money paid, though under the pretense, or device, of selling some other article, of less value, and giving the whiskey with it, the other article not being delivered for several days afterwards; the court may instruct the jury to find the defendant guilty, if they believe the evidence.

[Marcus v. The State.]

2. *Recalling jury; additional instructions.*—Where the jury, having been instructed by the court to find the defendant guilty if they believed the evidence, deliberate for several hours without returning a verdict, the court may, *ex mero motu,* recall them, and ask the cause of their delay; and being informed that they disagreed as to the law, may instruct them that they are bound to take the law as given them by the court—that they must find the defendant guilty, if they believe the evidence; that while it is their province to pass on the credibility of the witnesses, and their duty not to convict if they disbelieve the witnesses, or believe that they have committed perjury, they can not captiously reject their testimony.

FROM the Circuit Court of Chilton.

Tried before the Hon. JAS. R. DOWDELL.

The defendant in this case was indicted for selling spirituous, vinous, or malt liquors, without a license, and contrary to law. On the trial, he reserved a bill of exceptions, in which the facts are thus stated.

"The State introduced one Price as a witness, who testified that, within twelve months before the finding of the indictment, one Hollan, his father-in-law, borrowed ten cents from him, saying at the time that he wanted to buy some whiskey, but did not have money enough; that he saw said Hollan, shortly afterwards, come out of the defendant's shop, he being a butcher, with a small soda-water bottle in his hand containing whiskey; and that he saw defendant deliver said whiskey to Hollan. The defendant moved to exclude from the jury the testimony of said Price, which motion the court sustained, and excluded from the jury all that was said between him and Hollan, but refused to exclude what he said about seeing the defendant deliver the whiskey to Hollan; to which refusal the defendant excepted. The State then introduced the said Hollan as a witness, who testified that he borrowed ten cents from said Price, under the circumstances stated, in the town of Clanton, within twelve months before the finding of the indictment; that he applied to the defendant, who kept a butcher-shop in the town, to buy some whiskey, but defendant said he had none for sale, and could not sell him any; that he then stated to defendant that he needed the whiskey for medical purposes, to which defendant replied, that witness could buy a piece of beef, and he would give him some whiskey; that defendant then and there let him have about three gills of whiskey, in a soda-water bottle, and he paid defendant 35 cents; that defendant held out his hand, receiving the money, but turning his head away, and shaking his head; that he (witness) did not get any beef that day, nor carry any away, but went

[Marcus v. The State.]

back a few days afterwards and got some; that he understood and considered, when he got the whiskey from defendant, and paid him the money, that he was paying for the whiskey, and so expressed himself to the defendant, who shook his head, though holding out his hand at the same time, and receiving the money; and that the money paid by him was a greater amount than the price of the beef which he afterwards got."

"The foregoing being substantially all the evidence, the court charged the jury, on the request of the solicitor in writing, that they must find the defendant guilty, if they believed the evidence; to which charge the defendant excepted. The jury retired to consider of their verdict, and, after deliberating for several hours, were brought into court by order of the presiding judge, without solicitation by them, and asked what was their trouble, or difficulty—whether on a disagreement as to the law or the evidence; to which the foreman replied, that it was upon the law. Thereupon, the court said to the jury: 'You were supposed to be honest men when you were drawn and summoned as jurors, and men who would respect the solemn oath of a juror. You are bound under your oaths, and you have got to take the law as this court gives it to you. Under the written charge given you, if you believe the witnesses stated the truth, you are bound to find the defendant guilty. If you believe that the witnesses have committed perjury, or if you disbelieve them,—and it is your province to pass on their credibility,—you could not convict; but you can not captiously reject their evidence. As to the law governing the case, you have got to take it as the court gives it to you.' To this action of the court, both in calling back the jury, and in the instructions given, the defendant objected and excepted."

WM. A. COLLIER, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

SOMERVILLE, J.—The defendant was convicted of selling spirituous liquors, without license, and contrary to law. The uncontroverted testimony of the witnesses Price and Hollan shows, that the defendant delivered to the latter about three gills of whiskey, and that Hollan paid him thirty-five cents in cash. It is not pretended that defendant had

[Paine v The State.]

a license to retail, his occupation being that of a butcher. The contention seems to be, that defendant sold some beef to Hollan, and gave him the whiskey without consideration. The charge of the court, instructing the jury to find the defendant guilty, if they believed the evidence, in effect pronounces the pretended sale of the beef a device and a sham to cover the actual sale of the whiskey.

1. It is our opinion that the evidence authorized the charge. It is perfectly manifest from the record, that the undisputed facts clearly showed the transaction to be a sale of the whiskey, and not of the beef—the latter article not being worth the money paid, and not being delivered until several days afterwards. The witness paid the money for the whiskey, and so expressed himself at the time to the seller. He applied to buy whiskey, and not beef. He carried whiskey away with him when he left, and carried no beef. The conduct of the defendant, when he received the money, in turning his face away and shaking his head, had no tendency to disprove the transparent character of the delivery as a sale, or to disprove it as a gift.

2. The trial judge acted, we think, within the bounds of judicial propriety, in *ex mero motu* making inquiry of the jury as to the nature of the difficulty which seemed to delay their deliberations, And, upon being informed that they disagreed as to the law, the jury was correctly informed that they must take the law as given them by the court in its charge; and while they might disbelieve the witnesses on the ground of perjury, or other reason, they could not captiously reject their testimony without cause. We discover nothing in this instruction which is not sanctioned by sound practice, and by unquestionable principles of settled law.

Judgment affirmed.