# White *v.* Blair.

*Action on Promissory Note; New Trial.*

1. *New trial; revision of order granting or refusing.*—Under the statute giving an appeal to this court from an order granting or refusing a new trial (Sess. Acts 1890–91, p. 779), two rules have been declared, to which the court adheres: (1) when the appeal is from an order refusing to grant a new trial on account of the insufficiency of the evidence, or because the verdict is contrary to the evidence, this court will not disturb the decision, unless, after allowing all reasonable presumptions in favor of its correctness, the preponderance of the evidence against the verdict is so decided as to convince the court that it is wrong and unjust; and (2) when the appeal is from an order granting a new trial, the decision will not be reversed unless the evidence plainly and palpably supports the verdict.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. JESSE M. CARMICHAEL.

H. D. CLAYTON, for appellant.

JERE. N. WILLIAMS, contra.

STONE, C. J.—This was a suit by White, transferree, against Blair, on a promissory note alleged to have been made by the latter. The note purports to be payable to T. P. Cawthorn. Defendant interposed a sworn plea denying the execution of the note, which is correct in form.—Code of 1886, p. 796, Form 33. On the trial of the issues, there were verdict and judgment for the plaintiff. Thereupon defendant moved for a new trial on several grounds, which the court granted, setting aside the verdict and judgment. From

that order, granting a new trial, plaintiff prosecutes the present appeal, under the act "to allow appeals to the Supreme Court from decisions of the City and Circuit Courts in this State, granting or refusing to grant motions for new trials." This act was approved February 16, 1891.—Sess. Acts, 779. Before that time, our statutes made no provision for appeals in such cases. The appellate power conferred on this court by that statute is expressed in its last clause: "to grant new trials, or to correct any errors of the Circuit or City Court in granting or refusing to grant the same." A correct reading of the statute clearly shows that our power is purely appellate, and can not be invoked until motion has been made and acted on in the Circuit or City Court.

The rules for granting or withholding new trials after a verdict has been rendered, are not always expressed in the same terms. Some courts give greater weight to the findings of a jury than others do; or, at least, they seem to do so. We are not inclined to adopt extreme views on either side of this question. We hold that no higher duty rests on a court of original jurisdiction than to assert his manhood, and grant or refuse to grant a new trial, as the merits of the controversy may point out his duty.—*Ala. Gr. So. R. R. Co. v. Powers,* 73 Ala. 244.

The case of *Cobb v. Malone & Collins,* 92 Ala. 630, brought this statute before us for the first time. In that case, as in this, the main ground of the motion was, that the verdict was contrary to the evidence. In that case, the motion had been denied by the trial court, and we were asked to reverse his ruling. We gave the question careful consideration, and declared two rules, which we intended should become a guide and precedent. We said: "The decision of the trial court, refusing to grant a new trial on the ground of insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions in favor of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." When the lower court grants a new trial, and the appeal is from that ruling, we said, the decision "will not be reversed, unless the evidence plainly and palpably supports the verdict.

The bill of exceptions in this case is very full. It sets out all the testimony given on the trial in chief, and on the motion for a new trial. We have scrutinized it with care, and fail to find it "plainly and palpably supports the verdict" which the jury rendered.

[Savannah & Western Railroad Co. v. Jarvis.]

· The order of the Circuit Court granting a new trial must be affirmed.