# Billingsley *v.* The State.

*Indictment for Selling Spirituous, Vinous, or Malt Liquors,
contrary to Law.*

1. *Selling liquor contrary to law; what constitutes a sale.*--Where a
person sells a pasteboard check with the figures "25" on it for twenty-
five cents, and then accepts the check in exchange for a bucket of
beer, this is a sale of the beer.

APPEAL from the Circuit Court of Cherokee.
Tried before the Hon. JOHN B. TALLY.

The appellant, Lewis W. Billingsley, was indicted in July,
1887, for the sale of spirituous, vinous or malt liquors, "con-
trary to an act of the General Assembly of Alabama, approved
February 28, 1886, entitled 'An act to prohibit the sale of
spirituous, vinous or malt liquors, or other intoxicating
beverages, in the counties of Etowah, Cherokee, DeKalb and
Tallapoosa, State of Alabama.'"   (Sess. Acts 1880–81, p. 167).
Murray Wood, a witness for the State, testified as follows :
"I got some lager beer from the defendant in May or June,
1887, and in Cherokee county, Alabama.   I did not pay him
for the beer, but I bought a little round pasteboard check,
for which I paid him twenty-five cents, and then gave him
the check, and he gave me a bucket of lager beer.   The
bucket held about half a gallon.   Six or eight persons were
in the store at the time.   The check had the figures "25" on

[Tinker v. The State.]

it." The only other witness was one Brown, introduced by the State, who testified that Wood gave him some of the beer, and that they drank it in front of the defendant's store. This being all the evidence, the court, at the request of the solicitor, gave the following written charge: "If the jury believe the evidence, they will find the defendant guilty as charged in the indictment." The defendant excepted to this charge, and, having been convicted, prosecutes this appeal.

Wm. L. Martin, Attorney-General, for the State, cited *Marcus v. State*, 89 Ala. 23.

WALKER, J.—The uncontroverted testimony of the witness Wood shows that he bought of the defendant a little round pasteboard check, with the figures "25" on it, for which he paid him twenty-five cents ; that the witness then gave the check back to the defendant, and the defendant gave the witness a bucket of lager beer.

This transaction was a sale of the beer by the defendant. Obviously, the beer was delivered for the money. The by-play with the check between the receipt of the money by the defendant and his delivery of the beer to the witness can not be permitted to hide the true nature of the transaction. It was a clumsy device intended to cover up an actual sale. The law disregards such a mere sham or subterfuge and looks to the result which was plainly intended and accomplished by the parties. The general affirmative charge in favor of the State was properly given.—Acts of Alabama 1880–81, p. 167; *Marcus v. State*, 89 Ala. 23; Black on Intoxicating Liquors, §§ 403, 405.

Affirmed.