# Rentz *v.* Bridges, *et al.*

## *Assumpsit.*

(Decided May 9, 1912. 59 South. 63.)

*New Trial; Grounds; Discretion of Trial Court.*—The refusal to grant a new trial because of the insufficiency of the evidence, or because the verdict was contrary to the evidence will not be disturbed unless the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is unjust; nor will the judgment granting new trial be reversed unless the evidence plainly and palpably supports the verdict which is set aside.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. A. E. GAMBLE.

Assumpsit by B. B. Bridges and another against E. P. Rentz. Judgment for defendant, which the court on motion set aside and the defendants appeal. Affirmed.

JAMES W. STROTHER, for appellant. All the parties plaintiff must be entitled to recover or none can.—*McLeod v. McLeod,* 73 Ala. 42; *Lovelace v. Hutchinson,* 106 Ala. 425; *Prestwood v. McGowan,* 128 Ala. 267. The agreement fails to show that both parties were entitled to recover, and hence, the court erred in disturbing the verdict.

B. B. BRIDGES, and W. C. DAVIS, for appellee. Under the ruling in *Cobb v. Malone,* 92 Ala. 630, and the cases following that case, the action of the court in setting

[Rentz v. Bridges, et al.]

aside the verdict will not be disturbed unless the evidence plainly and palpably supported the verdict. The evidence is in conflict, and hence, the judgment setting aside the verdict will not be disturbed.—Authorities supra.

MAYFIELD, J.—The only error assigned is to the order of the trial court in granting a new trial. The rule of law as to reviewing orders of trial courts in granting or refusing new trials is well stated in *Cobb v. Malone*, 92 Ala. 630, 9 South. 738, which has been followed, cited, and quoted so much as to have almost if not quite the force of a statute. The rule is there so well stated that we again quote it: "The decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. And decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict. Of course, these rules are not inflexible, but subject to exceptions and qualifications, dependent upon peculiar circumstances."

More harm might result from the reversal of the order granting a new trial, and affirming the judgment on the original trial, than from affirming the order for a new trial. We are not fully persuaded that the trial court erred in granting the new trial; but it is a very close question, and one in which we are inclined to follow the ruling of the trial court.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.