(81 South. 637)

PENTICOST v. MASSEY. (6 Div. 851–862.)

(Supreme Court of Alabama. April 17, 1919.)

1. TRIAL ☞337—JURY—INSTRUCTIONS.

A verdict rendered in disregard of court's instructions is against law of the case, and, in a proper case, should be set aside, although instructions were erroneous.

2. TRIAL ☞139(1)—QUESTION OF FACT.

The scintilla of evidence rule applies in Alabama.

Appeal from Circuit Court, Jefferson County; John C. Pugh, Judge.

Action by S. Penticost, as administrator, against Richard W. Massey. From a judgment granting a new trial after verdict for plaintiff, plaintiff appeals. Affirmed.

Bondurant & Smith, of Birmingham, for appellant.

Stokely, Scrivner & Dominick and Harsh, Harsh & Harsh, all of Birmingham, for appellee.

THOMAS, J. This is the second appeal in this cause. Penticost v. Massey, 77 South. 675.[1] The last trial resulted in a judgment for plaintiff; and on motion of defendant a new trial was granted, from which judgment the appeal is taken, and is prosecuted in this court.

———

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 201 Ala. 261.

The bill of exceptions recites that it contains all of the evidence "had upon the trial of the said cause, and all of the evidence introduced and had upon the trial of said motion," on which the new trial was granted.

The appellee insists that the "laws involved (in the two appeals) are not the same"; that the "charge held error in the former appeal was the direction of a verdict (for defendant) without hypothesis; on this appeal the charge involved contained the hypothesis that the jury believe the evidence;" and that "several materially different aspects in the evidence" were presented in the respective trials, but that "in general the facts are the same as those upon the former appeal."

[1] It is essential to orderly administration of the law, as well as consonant with the power given by statute (Code, § 4631), that the jury obey the instructions the court gives them as the law, having application to the facts in evidence, or the reasonable inferences to be drawn therefrom; and a verdict rendered in disregard of such instructions, though the instructions of the court be erroneous, is against the law of the case as declared by the trial court, and in a proper case "should be set aside." Talley v. Whitlock, 73 South. 976, 979;[2] Fleming v. L. & N. R. R. Co., 148 Ala. 527, 528, 41 South. 683; Marcus v. State, 89 Ala. 23, 8 South. 155; Wolf v. Doe ex dem. Delage, 150 Ala. 445, 447, 43 South. 856; Meadows v. State, 182 Ala. 51, 57, 62 South. 737; Rentz v. Bridges, 177 Ala. 616, 59 South. 63.

Mr. Proffatt, in his Jury Trial, § 306a, p. 373, said:

"Those who have carefully studied this system have repeatedly pointed out the necessity of keeping [the court and the jury] each in its appropriate sphere, as the certainty and fixedness of our law, as well as the utility of the jury system, depend upon the separation between the duties of the judge and those of the jury."

In Meadows v. State, 182 Ala. 51, 54, 62 South. 737, Ann. Cas. 1915D, 663, is quoted approvingly from State v. Smith, 6 R. I. 34, the statement that—

"The line between the duties of a court and jury * * * is perfectly well defined, and the rigid observance of it is of the last importance to the administration of systematic justice. * * * In this way court and jury are made responsible, each in its appropriate department, for the part taken by each, * * * and in this way alone can errors of fact and errors

[2] 199 Ala. 28.

of law be traced * * * to their proper sources."

And it concludes with the true observation:

"If a trial judge is permitted to coerce a jury into a verdict, then the value of the system of trial by jury is at an end."

[2] The scintilla of evidence rule is given application in this jurisdiction (Patterson v. A. C. L. R. R. Co., 81 South. 85;[3] Amerson v. Coronoa Coal & Iron Co., 194 Ala. 175, 69 South. 601; Tobler v. Pioneer M. & M. Co., 166 Ala. 482, 517, 52 South. 86; Shipp v. Shelton, 193 Ala. 658, 69 South. 102; Morrison v. Clark, 196 Ala. 670, 678 [17], 72 South. 305; Penticost v. Massey, 77 South. 677, 678,[4] supra), and found expression on former appeal, where the law of this case was declared. We find no reason to depart from the application of the rule there made to the facts of the instant case, that a jury question was presented and should have been submitted by the court. Conceding without deciding that the trial court erred in giving the affirmative charge for defendant, yet, having done so, it was the duty of the jury to find accordingly, and, failing to do so, the trial court was justified in setting the verdict aside and giving a new trial. Fleming v. L. & N. R. R. Co., supra, and other authorities cited above.

The judgment of the circuit court is affirmed.

Affirmed

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.