183 So. 865

**FRANKLIN FIRE INS. CO. OF PHILA-DELPHIA, PA., v. SLATON.**

**8 Div. 870.**

Supreme Court of Alabama.

Oct. 13, 1938.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

Brown & Conway, of Albertville, for appellee.

KNIGHT, Justice.

Suit by N. W. Slaton, appellee, against the appellant, Franklin Fire Insurance Company, on a policy of fire insurance.

The policy contract insured the appellee against direct loss or damage by fire and lightning to an amount not exceeding Two, Thousand, Four Hundred and Fifty Dollars, distributed as follows, so far as here pertinent: $1200 on appellee's dwelling, $300 on household and personal effects *"belonging to insured and all members of insured's family, usual or incidental to* the occupancy of the premises by the insured as a dwelling * * *; $100.00 on one story metal roof stone smokehouse * *."

The plaintiff stated his case in one count, which reads: "The Plaintiff, N. W. Slaton claims of the defendant, The Franklin Fire Insurance Co. of Philadelphia, Penn., a stock company, doing business in the State of Alabama, the sum of Sixteen Hundred ($1600.00) Dollars, the value of a dwelling house and smoke house, which the defendant, on the 19th day of October 1936, insured against loss or injury by fire and other perils in the policy of insurance mentioned, for the term of: from the Tenth day of Oct. 1936, at Twelve O'clock Noon (Standard time) to the Tenth day of Oct. 1941, at Twelve O'clock Noon (Standard Time) which house and smoke house were wholly destroyed by fire on the 9th day of December 1936, of which the defendant has had notice."

The defendant pleaded in short by consent the general issue, with leave to give in evidence any matter which, if well pleaded, would be admissible in defense of the action, to have effect, as if so pleaded. Briefly stated these special defenses were: (1) That the property was wilfully burned through the design or procurement of the plaintiff, insured; (2) that in the policy sued upon the property was insured only while occupied by tenant, and that at the time of the loss the property was not so occupied; (3) that the hazard was increased by means within the knowledge of the insured contrary to the provisions of the policy; (4) that the loss, or damages, or a part thereof, was caused directly or indirectly by the neglect of the insured to use all reasonable means to save and preserve the property at and after the fire; (5) for breach of warranty against flues built with brick-on-edge.

The policy offered in evidence covered, and was intended to cover, a dwelling house owned and occupied by the insured and family, and also a separate house owned by the insured but occupied by tenant. We so, construe the policy, notwithstanding

in another part of the policy there is a recital that the property was owned by insured "and occupied by tenant." Such construction removes all ambiguity, and is the only reasonable construction that can be given the contract.

It is obvious from a reading of the complaint that the claim therein made for damages is for the destruction by fire of the dwelling house and smoke house. No claim is made for loss of any household and personal effects.

The defendant duly reserved an exception to the following portion of the court's oral charge: "If the plaintiff, Gentlemen of the Jury, if his contentions are true then of course he would be entitled to recover because if the house was burned not by him or any agent of his or any one he procured to burn it and he did not have anything to do with it whatever and if it was burned from some other cause except by his agency, then he is entitled to recover the amount that he is due under the proof made of the policy offered in evidence."

There was evidence in the case tending to support at least two of defendant's special defenses, viz.: That the plaintiff wilfully set fire to and burned the insured property; and, second, that the loss or damage was caused directly or indirectly by the neglect of the insured to use all reasonable means to save and preserve the property at and after the fire. There was evidence in the case from which the jury might have reasonably concluded that the negligence of the plaintiff in failing to use means at hand to save the property proximately contributed to the loss, or that the loss would have been minimized by the use of due diligence. The court in its oral charge entirely omitted to instruct the jury on the last mentioned phase of the case. Indeed the court's oral charge dealt only with the defendant's special plea setting up the wilful burning of the property by the insured, entirely omitting any and all reference to any of the other asserted defenses.

■ While the court is not required to instruct the jury upon an issue where there is no evidence to support it, yet it is the duty of the court to submit to the jury all issues in the case which the evidence tends to support. Little Cahaba Coal Co. v. Arnold, 206 Ala. 598, 91 So. 586; Lamar v. King, 168 Ala. 285, 53 So. 279.

■ The court, in instructing the jury in the language of the excepted to portion of its oral charge, entirely ignored the issue presented by the defendant's plea setting up the failure of the plaintiff to use all reasonable means to save and preserve the property. The effect of this instruction was to withdraw this issue from the jury, notwithstanding there was evidence in the case tending to support it. In this action of the court there was reversible error.

■ There was no evidence in the case to support defendant's other special pleas, and hence the court was not required to submit those issues to the jury. Home Insurance Co. v. Jones, 231 Ala. 484, 165 So. 211.

It is true that there was evidence in the case tending to show that there were "brick-on-edge" in the kitchen flue, but there was no evidence to show that the warranty with reference to brick-on-edge in the flue was made with the actual intent to deceive, or that such a flue increased the risk of loss.

■ This court cannot as a matter of law affirm that a flue made of bricks on edge is more dangerous than a flue in which the bricks are laid flat. Great American Ins. Co. v. Dover, 219 Ala. 530, 122 So. 658.

Section 8364 of the Code provides: "No written or oral misrepresentation, or warranty therein made, in the negotiation of a contract or policy of insurance, or in the application therefor or proof of loss thereunder, shall defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss."

■ This Court in the case of Great American Ins. Co. v. Dover, supra, held that this section of the code applied to fire policies as well as to policies of life insurance. Inasmuch as there was no evidence in the case tending to show that the warranty or misrepresentation was made with actual intent to deceive, or that the matter misrepresented increased the risk of loss, the court could well ignore such issue in its charge to the jury. 64 C.J. § 657, p. 760; Home Ins. Co. v. Jones, supra.

■ The defendant in a written charge, timely requested, undertook to have the jury instructed that the plaintiff could not recover in the case for loss of any personal property. The court refused this instruction. In this there was error. No claim was made in the complaint for loss of any personal property.

568

■ The issues under the evidence did not justify or warrant the giving of defendant's refused Charges 12, 15 and 16, and hence their refusal involved no error.

As the case must be reversed for the above mentioned errors, it is unnecessary to pass upon the defendant's motion for a new trial.

For the errors above pointed out, the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.