200 So. 564

FRANKLIN FIRE INS. CO. v. SLATON.

8 Div. 43.

Supreme Court of Alabama.

Feb. 20, 1941.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

Brown & Conway, of Albertville, for appellee.

BROWN, Justice.

This is the second appeal by the present appellant. Franklin Fire Ins. Co. of Philadelphia, Pa. v. Slaton, 236 Ala. 565, 183 So. 865. The circuit court on the last trial instructed the jury:

"The defendant, gentlemen of the jury, comes up in answer to that and it says it is not indebted to Mr. Slaton and for several different reasons excuses itself from being liable in this claim here or this suit. First, they say that the building, if it was destroyed by fire that it was done either by Mr. Slaton or someone at his instance, in other words, through his agency; that is one of the defenses they set up here. They further say as a defense that he did not occupy the property at the time and his property was not in the building. That is another answer they set up here justifying themselves against a judgment. They say further that while the building was burning, and if he did not do it or procure it to be done, that he had an opportunity to save much of the property and maybe much of the building and the contents by going to his own rescue in an endeavor to put out the fire and that he silently walked by and did not make any effort whatever as he should have done under the contract, that

it was his duty to protect himself as far as he could and he did not do so.

"Gentlemen of the jury, that is a brief outline of what the defenses are here and what the defendant insists here as a defense to this suit. You have heard the testimony, much of it here we have gone over for some time, you will have the policy out with you and other papers in connection with the contract and you are the sole judges of this testimony here."

The court also, at the request of the defendant gave the following special charges:

"Charge 8. If you are reasonably satisfied from all the evidence in the case that at the time of the fire the plaintiff and his wife were separated and were living apart in irreconcilable discord, and that plaintiff's wife had filed a suit for divorce against him, in which she sought an absolute divorce and alimony, including a division of the property insured, and the plaintiff himself was not living in or occupying the dwelling house, and the plaintiff had attempted to get his wife to remove from said house but she had declined to do so, then the Court charges you that the plaintiff is not entitled to recover."

"Charge 12. The Court charges you, Gentlemen of the Jury, that if you are reasonably satisfied from all the evidence in this case that at the time of the fire the dwelling house insured was occupied by plaintiff's wife but not occupied by plaintiff, that the plaintiff had removed therefrom and was occupying another house and that plaintiff had separated from his wife and that the plaintiff and his wife were living apart in irreconcilable discord, and that prior to the fire the plaintiff had attempted to get plaintiff's wife to remove out of said house and that plaintiff's wife had declined to do so, and that plaintiff's wife had filed suit for divorce against plaintiff in the Circuit Court of Marshall County, in which said suit plaintiff's wife was seeking an absolute divorce from him and also alimony, and at the time of the fire said suit was pending and undetermined, then the court charges you that the plaintiff is not entitled to recover and your verdict should be for defendant."

"Charge 20. If you are reasonably satisfied from all the evidence in this case that the plaintiff did not make any effort to extinguish the fire, and as a proximate consequence thereof the insured property was destroyed, your verdict should be for defendant."

"Charge 22. If you are reasonably satisfied from all the evidence that plaintiff intentionally failed to use any effort to extinguish the fire, with the hope and expectation that the insured property would be destroyed your verdict should be for defendant."

"Charge 23. If your are reasonably satisfied from all the evidence that plaintiff intentionally failed to use any effort to extinguish the fire with the desire and intention that the insured property or a part thereof would be destroyed, your verdict should be for the defendant."

"Charge 18. If you believe the evidence plaintiff cannot recover any interest."

The hypotheses of charges 8 and 12, were proved without dispute, and the hypotheses of charges 20, 22 and 23, given for defendant are supported by the great weight of the evidence.

Notwithstanding these instructions the jury returned the following verdict:

"We the jury find the issue in favor of the plaintiff and assess the damages at $1100.00 with interest at 6%."

■ The oral charge of the court and the special charges given at the request of the parties constituted the law of the case for the guidance of the jury on the trial. Whether or not the charge, thus constituted, correctly states the law is not a matter for jury consideration, and if the verdict of the jury when considered in the light of the court's charge is contrary to the undisputed evidence, or against the great weight of the evidence, on motion for new trial it should be set aside. Penticost v. Massey, 202 Ala. 681, 81 So. 637; City of Decatur v. Finley, 221 Ala. 101, 127 So. 518.

■■ It is within the peculiar province of the jury to determine the credibility of the evidence, reconcile conflicts therein, where possible, draw legitimate inferences therefrom, find the facts, apply the facts to the law as given in charge and express their conclusion in their verdict. However the jury is not the "sole judge" of the sufficiency of the evidence to sustain their verdict. The power to review their conclusion in civil actions at law, is vested in the trial court in the first instance, and in this court on appeal. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; White v. Blair, 95 Ala. 147, 10 So. 257; Slocom v. New York Life Ins. Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas. 1914D, 1029; 16 R.C.L. 183, § 4.

■ The facts hypothesized in special charges 8 and 12 were proved without dispute; the great weight of the evidence sustained the hypotheses of charges 20, 21, 22 and 23, and, notwithstanding the jury was affirmatively instructed not to allow plaintiff interest, the verdict nevertheless did so.

The court therefore erred in overruling the defendant's motion for new trial. Southern Home Ins. Co. of the Carolinas v. Boatwright, 234 Ala. 668, 176 So. 460; White v. Blair, supra.

Reversed and remanded.

GARDNER, C. J., THOMAS and FOSTER, JJ., concur.