259 So.2d 838

**EDWARDS CHEVROLET COMPANY, Inc.**

**v.**

**George W. BROKAW, Sr. and George W. Brokaw, Jr.**

**6 Div. 107.**

Court of Civil Appeals of Alabama.

March 22, 1972.

Lange, Simpson, Robinson & Somerville and James E. Simpson, Birmingham, for appellant.

No brief for appellees.

THAGARD, Presiding Judge.

On March 25, 1967, the Brokaws, Senior and Junior, purchased and took delivery from appellant a 1967 model Corvette automobile. The cash selling price was $4,856.00 and the time sale price, including insurance premiums of $403.16 and a finance charge of $735.36, was $5,994.52, payable in 36 consecutive monthly installments of $134.07 each. The Brokaws were credited with a down payment of $1,168.00. The insurance premium of $403.13 included $144.81 for credit life insurance and $245.00 for $100.00 deductible collision coverage on the automobile. We infer from the testimony that the automobile was bought for the use of Brokaw, Jr., and that Brokaw, Sr., was required to co-sign the security agreement. Both Brokaws participated in the negotiations leading to the purchase.

On August 27, 1967, the automobile was involved in a collision that resulted in almost a total loss.

Subsequently, appellees sued appellant for damages suffered by appellees resulting from the alleged failure of appellant to procure collision insurance on the automobile. After the pleadings were settled the case was tried to a jury on Counts A and D of the complaint and defendant's plea in short by consent. The jury returned a verdict for plaintiffs and against defendant for $5,000.00. Upon hearing the ensuing motion for new trial the trial court found the judgment excessive to the extent of $1,055.87 and ordered a remittitur accordingly. Plaintiffs filed the remittitur as ordered, whereupon, the court denied the motion for a new trial; hence this appeal.

Count A of appellee's complaint alleged the purchase of the Corvette automobile

from defendants on March 25, 1967, and charged that at the time of the purchase defendant agreed to provide $100.00 deductible collision insurance for the benefit of plaintiffs and lien holders; that $245.00 of the sale price was set aside for the purchase of collision insurance; that on August 27, 1967, the automobile was totally destroyed by a collision; and that defendant had breached its agreement in that it had failed to procure and provide collision insurance.

Count D charged that defendant, for good and valuable consideration, agreed to procure for plaintiffs a collision insurance policy on plaintiff's 1967 Corvette automobile, which agreement defendant breached by failing or refusing to procure said insurance and failing to notify plaintiffs of said failure or refusal, thereby proximately causing plaintiffs' automobile to be uninsured on August 27, 1967, at which time the same was involved in a collision and destroyed.

There were seven assignments of error. The first went to the denial by the court of appellant's motion for a new trial. Since we must reverse on this assignment we pretermit any discussion of any of the other assignments, except to say that they all charged that the court erred in failing to give certain affirmative charges, both with and without hypothesis, for appellant.

In support of appellant's Assignment of Error No. 1, the following charge given at the request of appellant is quoted:

"3. The Court charges you that if you are reasonably satisfied from the evidence in this case that the plaintiffs were notified on or about April 13, 1967, that the collision insurance policy with M.I.C. was no longer in effect and if you are further reasonably satisfied that they took no further steps or made no further effort to establish or gain collision insurance, then and in that event your verdict must be in favor of the defendant.";

and the following excerpt from the court's oral charge is also quoted:

"'If there was an agreement on behalf of the parties here whereby the Defendant agreed to procure insurance, and the Defendant did not procure insurance for him or did not notify him of the failure to obtain the insurance, or if the Plaintiff did not know that they were not insured, then of course, the Defendant, if they didn't do those things, would be liable. If the Defendant—I mean the Plaintiff did know that he didn't have any insurance, then there would be no duty on the part of the Defendant then to notify him that he didn't have any insurance if he actually knew it. We have a provision in law whereby if one has been damaged by some conduct of another, and he knows about his damages, that there is a duty on his part to mitigate his damages to keep from suffering damages, and not just wait until such time as damages occur, knowing that it's going to occur or likely to occur and does nothing about it. Then the law says that he's under a duty to mitigate those damages.

"'So, all of these issues are presented to you. That is, was there an agreement to provide insurance by the Defendant? If there was, did the Defendant procure insurance for him? Or if he did not and knew they couldn't get the insurance, did they notify him of the failure, or was the Plaintiff otherwise notified of the failure to procure the insurance? Those are the issues involved in this case. And they are rather simple, questions of fact. It would be for you to determine from the testimony and evidence in this case the liability therefrom.'";

after which appellant argues that the verdict of the jury was contrary to the weight of the evidence and the law of the case as enunciated by the trial court.

It has been held in a number of cases decided by the Alabama Supreme Court that

a verdict rendered by a jury in disregard of trial court's instructions is against law of case, as decreed by trial court, and should be set aside though such instructions were erroneous. Piedmont Fire Insurance Co. v. Tierce, 245 Ala. 415, 17 So.2d 133; Franklin Fire Insurance Co. v. Slaton, 240 Ala. 560, 200 So. 564; Penticost v. Massey, 202 Ala. 681, 81 So. 637; Talley v. Whitlock, 199 Ala. 28, 73 So. 976; White v. State ex rel. Hardegree, 256 Ala. 18, 53 So.2d 599.

As pointed out by appellant the effect of given charge No. 3 and the above quoted excerpt from the court's oral charge was that for appellant to be liable he must have failed to do two things: (1) procure the insurance, (2) inform appellees of the failure to obtain insurance, to which we add that the court also by written or oral charge informed the jury that if the plaintiffs were otherwise notified that appellant had failed to obtain insurance, appellant could not be held liable for failing to give such notice. Mr. Brokaw, Jr., testified that in April of 1967, several months before the collision, he received a notice from the insurance company that his insurance would be terminated as of April 13, 1967. Therefore, there being no dispute as to plaintiffs' having received notice of their insurance, there was no further duty upon appellant, and the verdict of the jury should have been for the defendant; and the jury having disregarded the instructions of the court, the court erred in denying appellant's motion for a new trial. It would be inappropriate for us here to express an opinion as to whether the trial court's charge as to the law in the case took into account all of the factors involved. If it did not appellees might have had the oversight, if any, corrected by requested charges in writing.

For the failure of the trial court to grant appellant's motion for a new trial the cause is

Reversed and remanded.