This is an appeal from the denial of a motion for a new trial in a fraud action.
The facts of this case have to be gleaned from the pleadings and from the trial court's oral charge due to the absence of any testimony.
The facts show that Sharon Monteleone bought a car from Trail Pontiac, Inc. The salesman was Clint Phipps. Monteleone brought suit against Trail and Phipps claiming fraud and deceit in the sale of the car in that the car was represented to be new when in fact it was used, and furthermore that the car was lien-free when in fact there was a lien against it. The defendants denied the allegations of the complaint.
The case was tried before a jury on November 5 and 6, 1979. A verdict was returned on November 6, 1979 which stated: "WE, THE JURY, FIND FOR THE PLAINTIFF AND AGAINST THE DEFENDANTS AND ASSESS HER DAMAGES AT THE SUM OF $000." The court entered judgment accordingly. Each member of the jury was polled by the court ex mero motu and each juror affirmed the verdict. The court asked the jury if the intention of the jury was to find for the plaintiff so as to require the defendants to pay costs, and the jury answered in the affirmative. Plaintiff's counsel did not object to the form of the verdict.
Plaintiff subsequently filed a motion for judgment notwithstanding the verdict, or, alternatively, a new trial. The trial court did not rule on this motion within ninety days and it was deemed denied pursuant to Rule 59.1, ARCP. From the denial of the motion for new trial Monteleone appeals.
The sole issue for our consideration is whether a jury's verdict in a fraud case finding for the plaintiff but awarding zero damages is inconsistent and therefore invalid. We conclude that such a verdict is invalid.
Damage is an essential element of fraud. § 6-5-100, Code of Alabama 1975; Ringer v. First National Bank of Stevenson,291 Ala. 364, 281 So.2d 261 (1973); Jackson Co. v. Faulkner,55 Ala. App. 354, 315 So.2d 591 (1975). And, in the absence of proof of damage, plaintiff cannot recover even nominal damages.Oates v. Glover, 228 Ala. 656, 154 So. 786 (1934). We should not be understood, however, as saying that one must prove an exact monetary loss in order to recover nominal damages. SeeLong-Lewis Hardware Co. v. Lightsey, 392 So.2d 545
(Ala.Civ.App., 1980).
Since the verdict which was in favor of the plaintiff awarded her zero damages, it is inconsistent and therefore invalid because an essential element supportive of a fraud judgment has been omitted. That is, the jury has concluded that plaintiff has not been damaged. In the absence of a finding of damage in a fraud case the plaintiff fails to prove his case. The verdict's inconsistency lies in the finding that the plaintiff has proved defendants' culpability but failed to prove that she had been damaged as a result of that culpability. Such a verdict is inconsistent and cannot stand.
Defendants contend that a new trial should not be awarded solely because the jury failed to award damages in some amount. However, as noted above there can be no finding for plaintiff in a fraud case without an award of damages in some amount. None were awarded in the instant case. *Page 1005 
Defendants also argue that Monteleone's failure to object to the form of the verdict when it was returned by the jury now precludes her from raising this issue on appeal.
It is true that a party must object to the form of a verdict at the trial or be precluded from raising this issue for the first time on a motion for new trial. Bradley v. Jones,282 Ala. 331, 211 So.2d 465 (1968). However, it has also been held that where substance rather than form is the subject of the appeal, this rule will not apply. Lewis v. Moss, Ala.,347 So.2d 91 (1977).
The form of the verdict is not the subject of the appeal in the case at bar, but the substance of the verdict is in controversy. The issue is: Can a verdict in a fraud case be returned in favor of the plaintiff which awards zero damages? And we have said that such a verdict cannot stand.
Defendants' final contention is that the motion for new trial did not explicitly raise the issue now before this court. The fourth ground of the motion states: "For that the verdict does not render damages for the Plaintiff even though the verdict was in favor of the Plaintiff." Furthermore, the trial court charged the jury that if they returned a verdict for the plaintiff they would have to find not only that the defendants had misrepresented the condition of the car and on the basis of such misrepresentation had induced plaintiff to buy it, but also that she had been damaged as a result of such misrepresentations.
As seen from above, the jury disregarded these instructions by finding for the plaintiff but not awarding her damages in some amount.
Where the jury disregards the instructions of the trial court, the court falls into error if it denies appellant's motion for new trial which raises the legality of the verdict.Edwards Chevrolet Co. v. Brokaw, 47 Ala. App. 631, 259 So.2d 838
(1972).
The judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.