THOMPSON, Judge.
Roy Reese was the sole shareholder of Three Coast Carriers, Inc., a trucking firm. In 1991 Three Coast Carriers suffered financial problems following a suspension by the Department of Defense from hauling its freight, and serious mechanical problems with some of its tractors. To generate revenue, Reese prepared advertising brochures, in an effort to sell or lease certain of his trucking company assets. These brochures were sent to several trucking companies. Trism Specialized Carriers, Inc. (“Trism”) desired to lease Reese’s advertised trucking assets and also wished to lease other assets Reese owned. Hank Hoffman, president of Tri-State Motor Transit (“Tri-State”), a sister company of Trism, was sent by Trism to negotiate an acceptable agreement. Hoffman and Reese agreed upon a lease of these assets, and they agreed that as a part of the lease agreement Reese would receive a monthly $5,000 consultation fee. Reese’s and Trism’s attorneys continued to negotiate the terms of this agreement, after the basic agreement had been reached, causing a delay before the final contract could be executed.
Because of the delay caused by the negotiations, Reese’s drivers attended Tri-State’s orientation program and Reese notified his customers that he was closing his trucking business, both before the execution of the formal contract. Shortly following the execution of the contract, Tri-State removed driver files from the offices of Three Coast Carriers, without making copies of these records, in violation of a United States Department of Transportation regulation, and did not return these records until a lawsuit was filed. In addition, Trism and Reese, the parties to the contract, disagreed on a number of items connected with them business dealings, including the drivers’ orientation program, hiring procedures, and Trism’s publication of advertisements for drivers in the areas in which Reese was recruiting. Reese was unable to staff all of the tractors subject to the contract and complained that the actions by Trism had jeopardized his ability to perform under the terms of the contract. In November 1992, Trism accused Reese of not acting in good faith with respect to the contract and proposed a novation. Reese rejected the offer of novation and repudiated the contract.
The contract was terminated on December 11, 1992. Following the termination of the contract, a dispute arose regarding the return of the leased assets. Tri-State and Trism continued to use the trucking equipment to ship cargo all over the United States, including to the West Coast, causing a long delay in the return of the leased assets. Reese contends that the trailers, when he finally received them following the termination of the contract, were in very poor condition.
Reese sued Trism and Tri-State, alleging breach of contract and promissory fraud against Trism, and alleging conversion, fraudulent suppression, and civil conspiracy against Trism and Tri-State jointly. Trism filed a counterclaim against Reese, alleging breach of contract and fraud. Following a trial, the jury returned a general verdict in favor of Reese and against Tri-State in the amount of $47,658 in compensatory damages and $0 in punitive damages. The jury returned a general verdict in favor of Reese against Trism in the amount of $0 in compensatory and $0 in punitive damages. In addition, it returned a general verdict in favor of Reese on Trism’s counterclaim. The court entered a judgment on the verdict; Reese moved for a new trial as to both defendants, claiming the verdict award in favor of Reese and against Trism, awarding $0 damages, was inconsistent. The trial judge denied Reese’s motion for a new trial. Reese appealed from the denial of that motion.
Reese raises a number of issues, but the dispositive issue is whether the jury verdict for Reese and against Trism but awarding $0 was inconsistent.
Reese submitted the following five claims to the jury:
1) a breach of contract claim against Trism;
2) a promissory fraud claim against Trism;
3) a fraudulent suppression claim against Trism and Tri-State jointly;
4) a civil conspiracy claim against Trism and Tri-State jointly; and
*51 5) a conversion claim against Trism and Tri-State jointly.
Trism submitted counterclaims against Reese for breach of contract and fraud.
The following three separate verdicts were returned by the jury on general verdict forms it had been given by the court:
1) a general verdict in favor of Reese against Tri-State awarding compensatory damages of $47,658 and $0 in punitive damages;
2) a general verdict in favor of Reese against Trism awarding $0 in compensatory damages and $0 in punitive damages; and
3) a general verdict in favor of Reese on Trism’s counterclaim.
A verdict finding in favor of Reese and against Trism, a joint tortfeasor, and awarding $0 in damages is invalid. See Monteleone v. Trail Pontiac, Inc., 395 So.2d 1003 (Ala.Civ.App.1980). Trism and Tri-State contend this case is distinguishable from the Monteleone case because in this case, they say, “the jury found both defendants liable and assessed damages, but only required one of the two joint defendants to be responsible for payment of the damage.” We find these cases indistinguishable. A jury verdict awarding damages against one tortfeasor and no damages against another tortfeasor is invalid because it illegally apportions damages among joint tortfeasors. See Reynolds v. Carwile, 650 So.2d 935 (Ala.Civ.App.1994). Our Supreme Court has summarized the established rule against nonapportionment' of damages between joint tortfeasors: “[A] jury verdict that assesses separate amounts (whether equal or unequal) against joint tort-feasors is an illegal verdict and is not subject to the trial court’s correction by striking certain ‘surplusage’.” Vanguard Industrial Corp. v. Alabama Power Co., 455 So.2d 837, 838 (Ala.1984).
The jury verdict was invalid and should have been set aside; thus the trial judge committed reversible error in denying Reese’s motion for a new trial.
Reese argues that this court should affirm that portion of the trial court’s judgment in his favor on Trism’s counterclaim and remand this case for a new trial on his amended complaint only. It is unfortunate that we must order a new trial, especially considering the length of the original trial. However we feel the issues in this case are so interrelated that justice would best be served by a reversal of the judgment and a retrial of the case in its entirety.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in part and dissents in part.