The plaintiff sued the defendant for fraud. The jury returned a verdict in favor of the plaintiff. A judgment was entered thereon and the defendant appeals
We find no reversible error and affirm
Viewing the record with the attendant presumptions, the following is revealed: Plaintiff, Buford Draper, is an illiterate man over sixty years old. He inherited sixty acres, the property in question, from his grandfather
In 1975, defendant, Homer Wilson, asked plaintiff to sell the property to defendant. There is evidence in the record to support plaintiff's factual allegation that defendant agreed to pay $22,000 for the property
Defendant took plaintiff to a notary public's residence and had plaintiff execute a deed for the sixty acres to the defendant. Plaintiff was unable to read the consideration recited in the deed, and neither the notary nor the defendant read the deed to plaintiff
The evidence is in conflict as to when plaintiff received a copy of the promissory note concerning the property from defendant. There is some evidence that plaintiff received the promissory note in the spring of 1976. There is, however, other evidence from which the jury could have determined plaintiff did not see the promissory note until May, 1978, a date within one year from the filing of this lawsuit *Page 431 
When plaintiff finally received the promissory note, he took it to a friend who read it to him. Plaintiff discovered at that time the defendant was only paying him $11,800 for the property, rather than $22,000 upon which the plaintiff claimed he and defendant agreed
Plaintiff sued defendant for fraud and requested damages as well as rescission of the deed
The court properly instructed the jury on the issues of fraud, damages, rescission, and the applicable statute of limitations
The jury awarded plaintiff $5,000 in punitive damages and granted plaintiff clear title to the sixty acres
Defendant timely moved for a directed verdict at the close of the plaintiff's evidence and for j.n.o.v. after the jury reached a decision. The trial court denied both motions
Defendant, through able counsel, raises three issues on appeal: 1) the trial court erred in denying defendant's motions for directed verdict and for j.n.o.v. on the basis that the evidence conclusively established the one year statute of limitations for fraud had run before plaintiff filed his claim; 2) the trial court erred in rendering judgment upon the jury verdict for punitive damages when there was no showing of actual or nominal damages; and 3) the trial court erred in submitting the question of title to the jury
For the following reasons, we disagree with each of defendant's contentions
Defendant first contends the trial court erred by denying his motions for directed verdict and j.n.o.v. In support of this position he argues the evidence conclusively established that the alleged fraudulent act of the defendant was discovered by the plaintiff in the spring of 1976, a time well over one year prior to the filing of the suit in April, 1979
Defendant pleaded the statute of limitations which requires that an action for fraud be brought within one year of the discovery of the fraud. § 6-2-3, Code of Ala. 1975. The statute of limitations for fraud will not begin to run until the plaintiff knows of facts which would have put a reasonable mind on notice of the possible existence of the fraud. Seybold vMagnolia Land Co., 376 So.2d 1083 (Ala. 1979). The burden of proof rests upon the plaintiff to show he came within the savings provision of § 6-2-3. Amason v. First State Bank ofLineville, 369 So.2d 547 (Ala. 1979)
In order to show that he fell within the savings period of the statute of limitations, the plaintiff presented evidence to show that he did not know that the actual sale price differed from the amount upon which he and the defendant purportedly agreed until May, 1978. The plaintiff testified it was "a year or better" after signing the deed in 1975 when he received from the defendant the promissory note which contained the $11,800 selling price
Other witnesses for the plaintiff gave testimony from which a reasonable jury could have concluded that the plaintiff was not put on notice of the fraud until the spring of 1978. These witnesses said it was "a year or over" or "a good while" after the 1975 closing when plaintiff received the papers which led him to discover defendant's fraud
This testimony, while it does not clearly establish when the plaintiff first discovered the fraud, does indicate that the plaintiff was unaware of the fraud until the passage of considerable time after the deed was signed
Further evidence supporting plaintiff's position, and perhaps more damaging to the defendant's position, is plaintiff's answer to an interrogatory in which the plaintiff specifically stated he did not receive the promissory note until May, 1978 The defendant himself offered this answer as evidence
This answer and the testimony indicated above are, in this instance, legally sufficient for the jury to have reasonably inferred that the plaintiff did not have notice of the fraud until approximately three years after executing the deed. Put another way, there is sufficient evidence that the plaintiff was not aware of the fraud until one *Page 432 
year prior to the filing of the instant lawsuit
This court realizes that there is evidence, some even in the plaintiff's own testimony, from which it could be concluded that the plaintiff was put on notice about the alleged fraud more than a year prior to the time suit was filed. However, the question of when plaintiff actually discovered the fraud is a question of fact which must be decided by the jury. Papastefanv. B L Construction Co., Inc. of Mobile, 356 So.2d 158 (Ala 1978), appeal after remand, 385 So.2d 966 (Ala. 1980)
Summarizing, in light of the above, there was sufficient evidence to send to the jury the question of when plaintiff actually discovered defendant's fraudulent act. A directed verdict may not be given where the evidence is open to a reasonable inference of material fact unfavorable to the moving party. Roberts v. Carroll, 377 So.2d 944 (Ala. 1979). Since the jury could and did decide from the evidence that the statute of limitations had not yet run, the trial court did not err by denying the defendant's motion for directed verdict. Williamsonv. United Farm Agency of Ala., Inc., 401 So.2d 759 (Ala. 1981)
Additionally, the defendant claimed the trial court erred in denying his motion for j.n.o.v. The Alabama Supreme Court recently reaffirmed the rule that a post-trial motion for j.n.o.v. is really just a renewal of the party's motion for directed verdict, and the j.n.o.v. motion cannot be granted unless the motion for directed verdict should have been granted. Williamson v. United Farm Agency of Alabama, Inc.,supra. Since the defendant's motion for directed verdict was properly denied, we hold that the trial court did not err in denying the defendant's motion for j.n.o.v
Defendant next contends the trial court erred in rendering judgment upon the jury verdict because there was no evidence of any damage suffered by plaintiff and no award of actual or nominal damages by the jury
Damage to the plaintiff is an essential element of fraud. OldSouthern Life Insurance Co. v. Woodall, 348 So.2d 1377 (Ala 1977). Nominal damages are proper where there has been a breach of a legal duty and where actual damages can be reasonably inferred from the evidence. Maring-Crawford Motor Co. v. Smith,285 Ala. 477, 233 So.2d 484 (1970). Plaintiff need not prove the exact extent of his damages since the mere absence of data giving rise to compensatory damages does not prevent the recovery of nominal damages. Long-Lewis Hardware Co. vLightsey, 392 So.2d 545 (Ala.Civ.App. 1980), cert. denied,392 So.2d 548 (Ala. 1981)
There is evidence here to show there was a breach of a legal duty. Defendant led the plaintiff to believe defendant was to pay $22,000 for the property. Instead, defendant paid only $11,800 for the land. When the illiterate plaintiff conveyed his property to defendant, defendant breached his legal duty by failing to disclose to plaintiff the actual purchase price
There is evidence from which the jury could infer actual damages. Plaintiff testified he and defendant agreed that defendant would pay $22,000 for the property. Witnesses testified on behalf of plaintiff to corroborate his version of the agreement. Plaintiff also testified that he believed his land was worth $22,000, and that he would not have agreed to sell it to defendant for less than that amount. As a result of defendant's fraudulent action, plaintiff agreed to sell his property for $10,200 less than what he believed to be its actual value. From the foregoing evidence the jury could have inferred plaintiff incurred actual damages which entitled him to nominal damages. Long-Lewis Hardware Co. v. Lightsey, supra.
The jury did not specifically award nominal damages to plaintiff. However, once actual damages, even nominal damages, are established, punitive damages may properly be awarded in fraud cases. National State Insurance Co. v. Jones,393 So.2d 1361 (Ala. 1980). As indicated above, *Page 433 
the jury could have inferred from the evidence plaintiff suffered actual damages and thereby became entitled to nominal damages. Plaintiff's right to recover nominal damages supports the jury's award of punitive damages. Pihakis v. Cottrell,286 Ala. 579, 243 So.2d 685 (1971). Failure to specify an award of nominal damages along with the award of punitive damages did not render the verdict incomplete and uncertain so as to cause reversal on appeal. See Pritchett v. United States,425 F.2d 663 (5th Cir. 1970); Jewell v. Jackson Whitsett Cotton Co.,331 So.2d 623 (Ala. 1976)
Put another way, there was evidence to support the jury's finding of fraud on the part of defendant. By so finding, the jury determined plaintiff had suffered actual damages due to the fraud. Consequently, plaintiff was entitled to at least nominal damages. Since nominal damages were proper, it was within the province of the jury to award punitive damagesMid-State Homes, Inc. v. Johnson, 294 Ala. 59, 311 So.2d 312
(1975)
The final issue on appeal is whether the trial court erred in submitting the issue of cancellation of the deed to the jury We note no objection was made at trial when the trial court submitted the question of rescission to the jury. Hence, no reversible error is presented. See Elliot v. Elliot,372 So.2d 846 (Ala. 1979)
We would be remiss in failing to note that plaintiff in this action received both money damages and equitable relief Whether plaintiff should have made an election of remedies is not an issue on appeal. This court, by its conclusions, should not necessarily be understood as holding that in this instance an election of remedies was not required. Nor should we be understood as holding that an election of remedies is required As indicated, that issue is not before us
The case is due to be affirmed
AFFIRMED
WRIGHT, P.J., and BRADLEY, J., concur