PLACID REFINING CO., etc., Plaintiff,

v.

JEDCO PETROLEUM CO., etc., et al., Third-Party Plaintiffs,

v.

James D. LANGFORD, etc., et al., Third-Party Defendants.

Civ. A. Nos. 82–0441–P, 82–0442–P. Bankruptcy No. 81–00539, 81–00540.

United States District Court, S.D. Alabama, S.D.

Oct. 17, 1982.

W. Dewitt Reams, Robert E. Clute, Jr., Reams, Wood, Vollmer, Philips, Killion & Brooks, Mobile, Ala., for plaintiff.

Irvin Grodsky, Grodsky & Wilson, Mobile, Ala., for third-party plaintiffs.

Robert Cousins, Jr., Dallas, Tex., for third-party defendants.

## OPINION AND ORDER

PITTMAN, District Judge.

This case was tried before a jury in the United States Bankruptcy Court for the Southern District of Alabama. The case was removed from the Circuit Court for Mobile County after the Circuit Judge therein entered an award for the plaintiff on summary judgment (common counts) for $508,787.17. This award was not appealed. The bankruptcy jury was instructed with respect to Alabama law on fraud and returned the following verdict:

> For Placid against Jedco for $125,000.00 compensatory damages and 0 punitive damages.
>
> For Placid against Jernigan for _____ compensatory damages and $25,000.00 punitive damages.
>
> \* \* \* \* \* \*

The Bankruptcy Court granted plaintiff's Rule 60(b) motion and entered an award of $125,000.00 compensatory damages against Jernigan and allowed the $25,000.00 award of punitive damages to stand.

The defendant assigns four grounds of error. One, lack of subject matter jurisdiction, is clearly non-meritorious, as the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) is to be applied prospectively only.

## I. Consistency of the Jury Verdict.

■ Under Alabama law a plaintiff cannot recover punitive damages for fraud unless he has established a right to compensatory or nominal damages. The problem in this case arises from the ambiguity of the jury verdict against Jernigan. The dispute between the parties may be resolved by determining which of two not inconsistent cases from the Court of Civil Appeals of Alabama is applicable to this case.

In *Wilson v. Draper,* 406 So.2d 429 (Ala. App.1981), the vendor of a tract of land brought suit against the purchaser for fraud. The purchaser had signed a promissory note for considerably less than the agreed purchase price. The jury awarded $5,000 punitive damages and gave clear title to the vendor. "The jury did not specifically award nominal damages to plaintiff." *Id.* at 432.

■ The court upheld the award of punitive damages in this case. The court found that because the vendor was induced by the purchaser to sell his land for about one-half what he intended to sell it, "[t]here [was] evidence from which the jury could infer *actual* damages." *Id.* Once actual damages, even nominal, are established, punitive damages may be awarded in fraud cases. Thus, the plaintiff's right to recover nominal damages supported the jury's award of punitive damages.

In *Monteleone v. Trail Pontiac, Inc.,* 395 So.2d 1003 (Ala.App.1980), the plaintiff bought an auto from the defendant. The plaintiff alleged that the defendant represented the car was new where in fact it was used, and that the car was lien-free when in fact it was not. The jury returned the following verdict:

> We, the jury, find for the plaintiff and against the defendant and assess her damages at the sum of $000.

The plaintiff filed motions for JNOV or new trial, which were denied because they were not ruled on within 90 days. Ala.R. Civ.P. 59.1.

The Court of Civil Appeals reversed, holding that "since the verdict was in favor of the plaintiff and awarded her zero damages it is inconsistent and therefore invalid because an essential element of a fraud judgment has been omitted. That is, the jury has concluded that the plaintiff has not been damaged." *Id.* at 1004. The court thus reversed and remanded.

■ It seems that the *Wilson* case is more analogous and should thus be considered dispositive. As in that case, the jury herein did not specifically award nominal damages, but did find punitive damages. Clearly there was evidence in this case from which the jury could find actual damages, as Jedco and Jernigan took gasoline without paying for it. Also, there has

been a judgment in state court for over $500,000.00 on common counts, and the jury was aware of this. This established, the award of punitive damages should be allowed to stand. While the jury in this case did not award nominal damages, they did not clearly *deny* nominal damages, as in the *Monteleone* case. It is critical that in *Monteleone* there was *no* award of punitive damages and a clear denial of nominal damages. Neither situation exists here. The jury verdict here is not so plainly inconsistent as that in *Monteleone.* Thus, the jury verdict should not be reversed on the grounds of inconsistency.

## II. Rule 60(b)

On plaintiff's motion, the Bankruptcy Court entered an amount of $125,000.00 compensatory damages in the place of the blank left by the jury.

 The defendant assigns arguments that this action by the Bankruptcy Court was erroneous, and the court agrees. A trial judge may not substitute himself for the jury in a jury case and determine the amount of damages. However, as the court finds that the jury verdict is sufficient to uphold an award of punitive damages against Jernigan, *see supra,* and since there was undisputed evidence of actual damages, this error is not sufficient to reverse the disposition of the jury.

## III. Refusal to Permit Rebuttal Witnesses.

 During the course of this trial, Cindy Mizell was called by the defendant and testified that she had been directed by Jernigan while employed by Jedco to engage in fraudulent conduct. (Trial Transcript I, 1/18/82). Ms. Mizell was listed on the plaintiff's list of witnesses.

In order to rebut Ms. Mizell's testimony, the defendant sought to call three witnesses who were not enumerated on the defendant's list of witnesses. (Trial Transcript II, 1/18/82). The defendant sought to call Rudolph Pleasant, and the plaintiff objected that Pleasant was not on the witness list. Over the plaintiff's objections, Pleasant was allowed to testify. Although the actual testimony is not before the court, the defendant contended that, at a side bar conference, he informed the Bankruptcy Court that Mr. Pleasant's testimony concerned the relationship between Placid's representative in the Mobile area, Bill Gump, and Ms. Mizell.

The defendant then sought to call D. Brown and Sharon Clyde as further rebuttal witnesses. The court declined to allow their testimony because they too were excluded from the defendant's witness list.

The defendant contends that the refusal constitutes prejudicial error. Plaintiff counters that this issue is raised for the first time on appeal, and thus improper, and that the error was not prejudicial, if error at all.

Because only a partial transcript is before the court, it cannot be determined whether or not objections were preserved for the record. Neither can the court ascertain from the record before the court whether or not there was a pretrial order. However, the fact that the parties named their witnesses and the court's ruling being based at least partially on the failure to name witnesses, indicates a pretrial requirement that this be done.

The court finds that the Bankruptcy Court's refusal to allow testimony from two witnesses not on the witness list was not an abuse of discretion. The offering attorney knew about Clyde's and Brown's testimony in ample time to have given notice on the witness list.

Accordingly, it is ORDERED that the order entered by the Bankruptcy Court be AFFIRMED IN PART AND REVERSED IN PART. The court's order granting plaintiff's motion under Rule 60(b) is REVERSED and the entry of a judgment of $125,000.00 as compensatory damages against defendant, Adolph J. Jernigan, is STRICKEN, and the verdict of the jury reinstated.