SHORES, Justice.
This is an appeal from a judgment in favor of defendant, C.J. Gayfer & Co., based on a jury verdict.
On July 30, 1985, a little girl vomited in the aisle in front of the cosmetics department at the Gayfers department store in Mobile, operated by the defendant. The girl’s mother informed a Gayfers employee of the incident, and the employee immediately had housekeeping personnel paged to clean up the substance.
The housekeeper, Murline Henderson, went directly to the scene and mopped up as much as possible. However, she could not remove all the material with one mopping, so she left the scene for about three minutes to rinse out her mop. During that three-minute period, the plaintiff, Nancy Thomas, walked through the area and slipped and fell. This action arises from the injuries Thomas allegedly suffered when she slipped on the vomitus and fell.
There was testimony to the effect that the vomitus was readily visible on the floor and that its odor could be detected over cologne and disinfectant sprayed by sales employees in the cosmetics department even after Ms. Henderson had partially cleaned the floor. She testified, in part, as follows:
“Q. And I almost hate to ask this question but I think the jury needs to know. Would you describe what it looked like?
“A. It was orange looking.
“Q. Did it contrast with the floor?
“A. No, it didn’t.
“Q. When I ask you what I mean, was it the same color as the floor?
“A. No, it wasn’t.
“Q. Okay. It was a different color from the floor?
“A. Yes, it was.
“Q. Did you have any trouble seeing it as you were walking up the aisle?
“A. No, I didn’t.
“Q. What about smelling it?
“A. Oh, it had a terrible smell, real sour.
“Q. And that was even over any type of spray in the area?
“A. Yes, you could smell it over that.”
*269 The plaintiff testified that she was shopping at Gayfers that day in the company of a friend, Felicita Zuniga, and that while they were standing near the cosmetics area they noticed two ladies in the aisle spraying disinfectant and perfume. The plaintiff further testified that she and her friend were walking and talking when she slipped and fell.
On appeal, the plaintiff contends that the trial court erred in denying her motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. We disagree.
Under Alabama law, a jury verdict is presumed correct, and this presumption is further strengthened when the trial court denies a motion for new trial. Alabama Power Co. v. Harmon, 483 So.2d 386 (Ala.1986). A judgment based on a jury verdict will not be reversed unless the preponderance of the evidence is so clearly against the verdict as to indicate that it was wrong and unjust. Mahoney v. Forsman, 437 So.2d 1030 (Ala.1983).
In Cash v. Winn-Dixie Montgomery, Inc., 418 So.2d 874, 876 (Ala.1982), this Court set forth the duty of storeowners to invitees, as follows:
“The rule of law for cases such as this is that there is a duty upon all storekeepers to exercise reasonable care in providing and maintaining a reasonably safe premises for the use of their customers. The storekeeper is not an insurer of the customers’ safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. No presumption of negligence arises from the mere fact of injury to the customer. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees.”
In a case quite similar to the case at bar, the Mississippi Supreme Court held:
“The mere fact that a potential customer succeeded in reaching the vomit and falling before the janitor, the manager and other agents of J.C. Penney Company had a reasonable opportunity to correct the situation is not sufficient evidence to establish negligence on the part of the defendants.” J.C. Penney Co. v. Sum-rail, 318 So.2d 829, 832 (Miss.1975).
Accordingly, we find that from the facts presented at trial the jury could have reasonably concluded that the defendant exercised reasonable care under the circumstances and thus was not negligent.
The plaintiff also contends that there was no evidence to support the defendant’s plea of contributory negligence. We note, however, that Alabama law provides that the question of contributory negligence “is for the jury where there is a scintilla of evidence” to support the defense of contributory negligence. Elba Wood Products, Inc. v. Brackin, 356 So.2d 119, 124 (Ala.1978). We hold that the evidence was sufficient to place the issue before the jury and to support an affirmative verdict and judgment thereon.
Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.