VINSANT PAINTING & DECORATING, INC. and Tom Hirras, d/b/a Tom Hirras Contracting Company; & Vinsant Painting & Decorating Inc. and Tom Hirras, a joint venture, Plaintiffs-Appellees,

v.

KOPPERS COMPANY, INC., Defendant-Appellant.

No. 86–7616

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

July 27, 1987.

Larry O. Putt, Smyer, White, Taylor & Putt, Birmingham, Ala., for defendant-appellant.

Smith & Taylor, Richard W. Lewis, Tom Burgess, Birmingham, Ala., for plaintiffs-appellees.

Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

After a jury verdict for $100,000 in punitive damages on a claim of fraud in connection with the sale of paint, the district court denied a motion for a judgment notwithstanding the verdict. Defendant Koppers Company, Inc. contends the underlying fraud claim brought by Vinsant Painting & Decorating, Inc. was time-barred by Alabama's statute of limitations. Under Alabama law, once the statute of limitations is pled as a defense, it is incumbent on the plaintiff to prove that the action was brought within the statutory period. Such proof was not present in this case. Defendants were thus entitled to judgment as a matter of law.

The controlling issue in this case concerns the affirmative defense of statute of limitations and where the burden of proof lies once the defense is pled. In diversity of citizenship cases, federal courts must apply local law with respect to the burden of proof in affirmative defenses. *Palmer v. Hoffman*, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943). Both parties agree Alabama law is controlling. Under Alabama's statute of limitations for fraud, a plaintiff must bring suit within one year of when it knew or should have known of the facts giving rise to the fraud claim. Ala.Code § 6–2–3 (1975); *Papastefan v. B & L Construction Co.*, 385 So.2d 966, 967 (Ala.1980).

Vinsant contends that Koppers may not raise the issue on appeal reasoning that the

issue of when Vinsant knew or should have known of the alleged fraud was a fact question for the jury, Koppers never requested this issue be submitted to the jury, and therefore Koppers waived this issue on appeal. These contentions are based on a misapplication of state law.

■ In Alabama, where the statute of limitations is raised as a defense in a suit alleging fraud, the plaintiff must bear the burden of proving his cause of action accrued within the period of the bar. *Papastefan v. B & L Construction Co.,* 385 So.2d at 967 (fraud claim concerning house and property purchase barred where plaintiff failed to rebut statute of limitations defense); *Moore v. Merchants & Planters Bank,* 434 So.2d 751, 754 (Ala.1983) (paving contractor's fraud claim barred where no evidence presented to prove discovery within statutory period); *see Wilson v. Draper,* 406 So.2d 429 (Ala.Civ.App.1981) (vendor alleging fraud must show he fell within savings period of statute of limitations); *Amason v. First State Bank of Lineville,* 369 So.2d 547 (Ala.1979) (in action against bank, debtor must prove fraud claims fall within statutory period). Vinsant did not address these cases in its brief, the district court gave no reason for denying relief, so this Court has nothing before it to indicate why this settled Alabama law should not apply in this case. Therefore, the failure to request jury instructions or give evidence concerning the commencement of the limitations period falls to Vinsant's disadvantage, not Koppers.

A review of the record shows no evidence to indicate Vinsant first discovered or should have discovered the alleged fraud within the one-year statutory period. Vinsant did not meet its burden of proving its cause of action accrued within the statutory bar as required by Alabama law.

REVERSED.