ALMON, Justice.
Evelyn Jackson filed an action against General Motors Acceptance Corporation (“GMAC”), alleging conversion, along with other claims. GMAC filed a counterclaim, seeking to collect funds allegedly due GMAC under a lease finance agreement with Jackson. The trial court granted summary judgment for GMAC on its counterclaim; the trial court also entered summary judgment in GMAC’s favor on all of Jackson’s claims.
Jackson, on June 29, 1985, leased a vehicle from Bill Farley Pontiac Company, and she entered into an agreement with GMAC to finance the lease. GMAC repossessed the vehicle on January 8, 1987. Jackson, pro se, filed a two-count complaint, demanding $26,579.98. The complaint stated that GMAC “created a situation which caused the car payment checks to be cancelled whereby [GMAC] could take the vehicle away from the plaintiff.” The complaint further stated, “Prior to defendant’s taking said vehicle, the Plaintiff and her daughter were seriously injured as the result of being dragged by said vehicle.” Although the complaint does not describe how this accident occurred, Jackson's deposition indicates that, for reasons unknown to her, the vehicle simply began rolling down a street, although the ground was level. According to Jackson, the car dragged both her and her daughter for several feet before Jackson managed to stop the car. Jackson further states that she had trouble attempting to finance the vehicle with another lending institution. Though the complaint provided a narrative of several alleged wrongs to Jackson, presumably caused by GMAC, the complaint never stated a cause of action.
With the aid of counsel, Jackson amended her complaint to add two recognizable causes of action.[1] In her amended complaint she claims that GMAC’s repossession of the car was conversion and that GMAC’s actions in repossessing the car resulted in libel and slander. The complaint also alleges that because of the alleged conversion, *39 Jackson could not complete her doctoral studies at Walden University, which caused her to lose her tuition at the university and caused her to have to pay back her student loans. (Though the complaint does not so state, Walden University is located in Minneapolis, Minnesota, and Jackson is a resident of Birmingham.) Although the amended complaint claims that the alleged conversion caused Jackson not to finish her doctoral studies, Jackson’s deposition indicates that the accident, in regard to which she alleges the car dragged her down the street, apparently injured her shoulder, and that as a result she could not type her doctoral dissertation. Jackson’s complaint finally alleges that, because she did not attain her doctoral degree, allegedly as a result of GMAC’s actions, she has “not been able to obtain gainful employment in her chosen profession.”
The trial court entered summary judgment against Jackson on all the counts of her complaint. Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), A.R.Civ.P.; Pittman v. Gattis, 534 So.2d 293 (Ala.1988). Considering the entire record, we conclude that the trial court properly entered summary judgment on Jackson’s complaint as amended, although in considering GMAC’s counterclaim we discuss facts and issues related to Jackson’s conversion claim.
Jackson leased the vehicle in June 1985. Giving Jackson every beneficial inference from the record, one concludes that the last payment she made on the vehicle was the payment for September 1986. GMAC repossessed the car on January 8, 1987; accordingly, Jackson was at least three months behind in her payments to GMAC at the time GMAC repossessed the vehicle.[2] Section 7-9-503, Ala.Code 1975, gives a secured party, such as GMAC, the privilege of self-help repossession upon a mortgagor’s default:
“Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace....”
Although the section grants GMAC the privilege of self-help repossession, GMAC is under a duty to take those precautions necessary at the time to avoid a breach of the peace. General Finance Corp. v. Smith, 505 So.2d 1045, 1048 (Ala.1987).
There is no legitimate dispute that, at the time GMAC repossessed the vehicle, Jackson had defaulted on the loan and GMAC had the privilege under Ala. Code 1975, § 7-9-503, to repossess the vehicle, if GMAC could repossess it without a breach of the peace. Jackson’s deposition, which was before the trial court when it made its rulings, indicates that GMAC’s repossession was done without any breach of the peace. When GMAC’s representatives came to repossess the vehicle, Jackson allowed her daughter to give GMAC’s representatives the keys to the vehicle and to take the vehicle, apparently even without harsh words. In her “Motion to Reconsider Earlier Summary Judgment” and on appeal, however, Jackson takes a different position. In her brief she states:
“The defendants [asked] the question of ‘Did you give him the keys? which the plaintiff understood to be ‘Did you ask him to leave?’ to which the plaintiff’s answer was ‘Yes.’ She did indeed ask the defendants to leave, specifically speaking to Lee, ... asking him to leave and to take his big, ugly tow truck with him, as it was causing a disturbance and an embarrassment to the neighborhood and he was trespassing.”
Regardless of the veracity of this argument, Jackson may not state or argue facts in her brief that are not supported by the record, Seidler v. Phillips, 496 So.2d 714, 716 (Ala.1986), and this Court will not consider arguments that are not supported by the record. Id. Nothing in the record *40 supports Jackson’s argument. Accordingly, her argument fails.
The trial court properly held that GMAC acted in accordance with Ala.Code 1975, § 7-9-503, and that the repossession did not constitute conversion. The evidence was uncontroverted that Jackson owed GMAC the amount the trial court awarded on the contract. The judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.j;, and MADDOX, ADAMS and STEAGALL, JJ., concur.

. Jackson is again proceeding pro se on appeal.

. The trial court awarded GMAC $7,800.87, which is the amount due GMAC on the note plus court costs,