Freddie B. Campbell sued Friendly Credit Union, which had financed the purchase of Campbell's 1986 GMC truck and had subsequently repossessed it, to recover damages for conversion of the truck, which Campbell alleged the defendant disposed of in a commercially unreasonable manner. The credit union counterclaimed, seeking a deficiency judgment based upon its loan agreement with Campbell. A jury in the Circuit Court of Mobile County found for Campbell and awarded him $15,000. The trial court denied the credit union's motions for a directed verdict and for j.n.o.v. and the Credit Union appeals. We affirm.
Campbell, an employee of International Paper Company, borrowed approximately $12,000 from Friendly Credit Union in February 1986 to purchase his truck. Campbell signed a security agreement with the credit union, giving it a security interest in the vehicle to secure the loan. Monthly payments of $337.50 were regularly deducted from Campbell's paychecks until March 21, 1987, when a lockout occurred at International Paper.
As a result of the lockout, the credit union posted a notice in the union hall that stated: "1. The monthly payments on all loans are waived after March 31, 1987." It is apparent that the credit union was proceeding under Paragraph 15 of its security agreement, which provided in pertinent part:
 "In the event that there is a strike . . . failure to make any payments hereunder for a period not to exceed ninety days, during the continuation of such a strike shall not constitute a default hereunder. . . ."
The lockout continued after this 90-day period had expired. On June 25, 1987, the credit union issued another notice allowing the payment of interest only on all loans. In July 1987, Campbell contacted David Flott, a credit union employee, concerning the payment of interest on his loan. In order to make the interest payments, Campbell turned over to the credit union $465.29 from his Christmas savings account and approximately $900 from a personal and holiday vacation fund.
In December 1987, Campbell was told that his "interest only" payments were no longer sufficient to satisfy his obligation under the original purchase agreement. The credit union had come under severe pressure from the regulatory agencies, the National Credit Union Administration, and the Alabama Credit Union League. A report prepared by the NCUA stated:
 "The increased delinquency, corresponding loss of income due to failure of members to honor their obligations primarily due to poor collection policies, and the failure just now being felt of the on-going lock-out have resulted in severe depletion of the credit union's Capital, Net Worth, and overall solvency."
The NCUA directed the credit union to change its collection policies and practices regarding the delinquent accounts of the locked-out members, and to require that loan payments, including all amounts in arrears, become due no later than July 31, 1987.
As a result of the NCUA's advice, the credit union gave Campbell three options: (1) to catch up the payments on his loan by paying the amount in arrears and making the $337.50 monthly payments called for by his original loan obligation; (2) to pay off the total balance of the loan; or (3) to refinance the loan.
Campbell, still unemployed, could choose only the refinancing option. He tried to refinance by applying for a loan with another institution. Campbell's application was denied by that other institution because of insufficient income. Friendly Credit Union also denied his request for refinancing because of insufficient income.
Due to his inability to meet the credit union's demands, which had been increased from those originally agreed upon, Campbell's vehicle was peaceably repossessed. On March 14, 1988, the credit union notified Campbell that he had 14 days in which to pay the balance of his loan, amounting to $10,650.38 plus interest, in order to redeem *Page 1290 
his truck. Still unemployed, Campbell could not redeem his truck under the terms of this notice. The credit union sold his truck for $6417.00, on March 24, 1988 — before the end of the period in which Campbell had been told he could redeem his truck. That sale resulted in a deficiency of $4277.04.
Campbell's complaint alleged that he was not in default according to the modified "interest only" agreement he had made with David Flott of Friendly Credit Union. Due to the existence of the agreement which modified Campbell's duty to pay interest only, Campbell asserted that the credit union should be estopped from requiring the payment of the total amount or the amount in arrears plus the current monthly payments. Campbell's estoppel theory was supported by his alleged reliance on the contract modifications he made with Friendly Credit through its employee, David Flott. Campbell asserted that the repossession was, therefore, invalid and amounted to a conversion of his vehicle.
Campbell's complaint also alleged that the sale of the truck was commercially unreasonable. The credit union's notice concerning his period of redemption indicated that he had until March 28, 1988, to redeem his truck. It is undisputed that the period in which he was told he could redeem his truck was cut short, because the truck was sold on March 24, 1988. Because the sale of the truck left Campbell with a deficiency of $4277.04, he claims he suffered injury.
Campbell was not in default under the terms of the modified July 1987 contract. The credit union's written notice allowing "interest only" payments amounted to a written public offer satisfying § 7-2-201, Code of Alabama 1975. Campbell's payment of the interest by payment with money taken from his vacation and Christmas funds amounted to an acceptance of the credit union's modified offer.
The facts of this case are similar to those in Bank ofHuntsville v. Witcher, 336 So.2d 1384 (Ala.Civ.App. 1976). Witcher had financed the purchase of his Ford pick-up truck by giving the bank a promissory note. He obtained several extensions from the bank in order to delay his monthly payments, and he paid by the agreed-upon later date. When Witcher requested a delay for his March and April payments, the bank told him that if he did not pay within 10 days his truck would be repossessed. The bank repossessed the truck on April 11.
Because the bank had previously accepted Witcher's late payments, he assumed that he would be again be granted a delay. He claimed that he did not make his March and April payments because he was awaiting the bank's decision as to whether he would be granted the extension. However, the bank repossessed his truck.
The Court of Civil Appeals affirmed the trial court's judgment, holding that, based upon the bank's prior conduct, Witcher had a right to believe his requested extension would be granted or that the late payments would be accepted. Witcher was led to believe that his truck would not be repossessed without further contact with the bank, so that the bank was estopped from asserting its statutory and contractual right to demand payment in full. The Court of Civil Appeals affirmed the trial court's holding that the bank's repossession amounted to a conversion of Witcher's property.
In this case, there is evidence supporting Campbell's argument that he relied on the modified "interest only" arrangement. For example, Campbell released his Christmas and vacation funds to the credit union in order to satisfy the modified agreement allowing interest payments only. Campbell made these interest-only payments from July through December 1987. Thus, there was evidence from which the jury could find that Friendly Credit Union was therefore estopped from changing the terms of Campbell's payment, based upon his reliance on the credit union's past actions.
According to the modified agreement with the credit union, Campbell was not in default. Friendly Credit Union's repossession of his truck, when he was not in *Page 1291 
default, constituted conversion. Ala. Code 1975, § 7-9-504. Only the property of a defaulting party may be validly repossessed by a creditor. Jackson v. General Motors Acceptance Corp.,549 So.2d 38 (Ala. 1989), cert. denied, ___ U.S. ___, 110 S.Ct. 549,107 L.Ed.2d 545 (1989).
The defendant argues that the trial court erred by not instructing the jury on the "unclean hands" doctrine. This defense is sometimes applied in an equitable proceeding to deny relief to a plaintiff who has himself acted improperly, i.e., with "unclean hands," in regard to the very transaction as to which he is seeking the aid of equity, the conscience of the court. See Draughon v. General Finance Credit Corp.,362 So.2d 880, 884 (Ala. 1978). Even if this were an equitable proceeding, it would be clear that the "unclean hands" defense would not be applicable, because there is no evidence that Campbell acted improperly with regard to the transaction at issue here.
Friendly Credit Union also argues that its motions for directed verdict and j.n.o.v. should have been granted by the trial court. The credit union argues that the evidence considered by the jury did not indicate that Campbell had suffered any injury and, therefore, that he was not entitled to a punitive damages award. Because the verdict did not specify how much of the $15,000 award, if any, was punitive, how much was actual, or how much was nominal, Friendly Credit Union argues that the verdict was improper.
If a jury infers from the evidence presented that the plaintiff suffered actual injury or loss, then the plaintiff is entitled to at least nominal damages. Wilson v. Draper,406 So.2d 429, 433 (Ala.Civ.App. 1981). Furthermore, we have stated, "Plaintiff's right to recover nominal damages supports the jury's award of punitive damages" when the defendant's actions are oppressive and malicious. Pihakis v. Cottrell,286 Ala. 579, 243 So.2d 685, 692 (1971). The evidence in this case supports an award of punitive damages.
There was evidence that Campbell suffered actual loss; therefore, the jury could have awarded nominal or actual damages, and because it could have awarded such damages, it could also have awarded punitive damages, if the circumstances of the defendant's actions would otherwise support such an award. Thomas v. C.J. Gayfer Co., 504 So.2d 267 (Ala. 1987). The jury's verdict is presumed to be correct, and that presumption is strengthened by the trial court's denial of the motion for a new trial. Stokes v. Long-Lewis Ford, Inc.,549 So.2d 51, 52 (Ala. 1989); Merrell v. Joe Bullard Oldsmobile,Inc., 529 So.2d 943, 946 (Ala. 1988).
Therefore, Campbell's judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.