RICHARD L. HOLMES, Retired Appellate Judge.
This is a “slip and fall” case.
Sara Schad and Terri Schad, husband and wife, sued Bruno’s, Inc.,- a grocery chain, for negligence. The case was tried non-jury. The trial judge found in favor of the Schads and assessed the wife’s damages at $30,-401.67 and the husband’s loss of consortium at $5,000.00.
Bruno’s appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
The dispositive issue is whether, under the facts of this case, Bruno’s could have been found negligent.
When we view the record with the attendant presumptions accorded the trial judge in an ore tenus proceeding, the following is revealed. The slip and fall incident occurred at the Food World’s northside store in Do-than, Alabama. Ricky Vinson was the store manager at the time of this incident. The accident report, completed by Vinson, indicates that at 1:40 p.m. he discovered that a bottle of salad dressing had been broken on aisle one of the store. Vinson’s testimony at the trial indicated that the salad dressing was white in color and that the floor of the store was off-white in color. Vinson’s testimony was as follows: He placed a yellow plastic egg crate over the spill, and the crate covered the entire area of the spill. Then he went to find someone to clean up the spill. However, the employee whom he asked to clean up the spill was busy; therefore, he returned to the area to clean up the spill himself. When he returned to the area, he discovered that the wife had fallen and that only one to two minutes had elapsed since the time he had discovered the broken bottle and the wife’s fall.
The wife testified that she arrived at the store shortly after 2:00 p.m. on September 18, 1991. Her testimony was as follows: She entered the store, obtained a grocery cart, and went to the produce department to get the makings for a salad. She went to aisle one to get bacon bits and croutons. She read the packages for the fat content of the bacon bits and the croutons. She placed the box of croutons in her grocery cart and was pushing her cart to continue her shopping when her left foot slipped out from under her and she fell. When she got up, she discovered that she had salad dressing on her arms and her jeans. In addition to the salad dressing, there were slivers of glass all over her jeans. Two store employees (one of them had a mop) came to help her and brought her some paper towels to clean off the salad dressing. Then she noticed a gray metal crate on the floor near a grocery cart that was filled with bottles. There was salad dressing and glass splattered around the crate. One of the store employees took her to Vinson, who was in the floral department, so that she could report the fall.
The two store employees who assisted the wife after the fall, Jameson Glover and Danny Ceasar, testified at the trial. Glover’s testimony was as follows: He was the employee who was instructed to clean the spill on aisle one. He went to aisle one and saw that a gray metal milk crate was over the majority of the salad dressing; however, there was salad dressing and glass splattered outside the area covered by the crate. He went to the back to get a mop, and when he returned, he discovered that the wife had fallen. Ceasar got some towels because they noticed salad dressing on the wife’s clothes. When he cleaned the area, he noticed a “slip mark” within the area of the spillage outside the crate.
Ceasar’s testimony was as follows: He and Glover were talking in front of the bakery when the wife fell. Although he does not recall seeing any salad dressing on the wife’s clothes, he does recall getting some paper towels so she could clean herself up. He recalled seeing the egg crate before he walked up to the bakery department, where he was talking to Glover, and he recalled that he saw the egg crate some five to ten minutes before the wife fell.
Bruno’s argues that, under the facts of this ease, it was not negligent. To support this *936 argument, Bruno’s maintains that Vinson discovered the broken bottle and placed a brightly-colored egg crate over it, isolating the hazardous area, as well as calling attention to the area. Bruno’s further argues that steps were taken promptly to remove the dangerous condition and that the injury occurred during that reasonable period of time in which the merchant was correcting the situation.
In Cash v. Winn-Dixie Montgomery, Inc., 418 So.2d 874, 876 (Ala.1982), the following rule of law for slip and fall cases is stated:
“[T]here is a duty upon all storekeepers to exercise reasonable care in providing and maintaining a reasonably safe premises for the use of their customers. The storekeeper is not an insurer of the customers’ safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. No presumption of negligence arises from the mere fact of injury to the customer. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of its servants or employees.”
(Emphasis added.)
In its order, the trial court stated, “[u]pon hearing the evidence, the Court finds that Defendant was negligent in providing a reasonably safe place of business on the occasion complained of and that the injuries and damages of Plaintiffs were proximately caused thereby.”
In cases such as this one, where the case was tried without a jury, this court must recognize: ■
“Where the evidence is sufficient to support reasonable inferences which would impose liability and others which would deny liability, and where the factfinder accepts the inferences favorable to one side of the litigation, the appellate court may not substitute its judgment for that of the factfin-der as to the reasonableness of the inferences drawn.”
Ex parte Travis, 414 So.2d 956, 958 (Ala.1982).
In the instant case, there was evidence to support the inference that the broken bottle of salad dressing had been discovered by the manager of the store some 20 minutes before the wife’s fall. There was also evidence to support an inference that the lapse of time between the discovery of the broken bottle of salad dressing and the fall was longer than 20 minutes. The accident report lists 1:40 p.m. as the time of discovery. The wife testified that she arrived at the store a little after 2:00 p.m. and that she did not fall immediately upon entering the store, as she already had several items in her grocery cart at the time of the fall. Therefore, the judgment of the trial court, which determined that the employees of Bruno’s failed to use reasonable care in maintaining the premises after the discovery of the breakage, cannot be reversed. Put another way, in view of the lapse of time from the discovery of the breakage by the store manager and the failure to “clean up,” it could be concluded that reasonable care was not taken to maintain the premises in a reasonably safe condition. Certainly, under the law, the employees of Bruno’s have a reasonable opportunity to correct the situation. However, what is reasonable depends upon the facts and circumstances of each case. Here, as indicated above, there was evidence to support the finding that the employees of Bruno’s did not use reasonable care in correcting the situation. Thomas v. C.J. Gayfer & Co., 504 So.2d 267 (Ala.1987).
For this court to reverse would be to substitute its judgment for that of the trier of fact. This the law does not permit. Ex parte Travis, 414 So.2d 956.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.