867 So.2d 307 (2003)
MACK TRUCKS, INC.
v.
Mary WITHERSPOON, as administratrix of the estate of Tonnie Ray Witherspoon, deceased.
1992217.
Supreme Court of Alabama.
May 30, 2003.
Donald F. Pierce, Forrest S. Latta, John C.S. Pierce, and J. Robert Turnipseed of Pierce, Ledyard, Latta & Wasden, P.C., Mobile, for appellant.
Robert T. Cunningham, Jr., David G. Wirtes, Jr., and George M. Dent III of Cunningham, Bounds, Yance, Crowder & Brown, L.L.C., Mobile; and Gaines C. McCorquodale of McCorquodale & McCorquodale, Jackson, for appellee.
PER CURIAM.
Mack Trucks, Inc. ("Mack"), appeals from a judgment entered on a jury verdict in favor of Mary Witherspoon, administratrix of the estate of Tonnie Ray Witherspoon, on her claim against Mack alleging liability under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") for the death of her son, Tonnie *308 Ray Witherspoon. On appeal, Mack argues that Mary failed to prove that the truck manufactured by Mack and being driven by Tonnie Ray at the time of the accident was defective. In addition, Mack argues that the $25 million punitive-damages award was excessive. We affirm conditionally.

I.
On November 6, 1995, Tonnie Ray was driving a Model RD600 tractor manufactured by Mack, which had been purchased from Gulf Coast Truck & Equipment Company, Inc. ("Gulf Coast"). The tractor was pulling a trailer loaded with logs. The tractor-trailer ran off the road and rolled over, coming to a rest upside down; the passenger-side door was facing the road, and the driver-side door was facing the embankment. The rollover jammed the passenger-side door so that it could not be opened. It also caused some of the logs on the trailer to shift forward, blocking the driver-side door and trapping Tonnie Ray inside the cab of the tractor. As a result of the impact, a small fire started; that fire spread and eventually engulfed the cab. Tonnie Ray died as a result of the fire.
Mary sued Mack and Gulf Coast, asserting claims of negligence, breach of express and implied warranties, and liability under the AEMLD. Gulf Coast moved for a summary judgment as to all claims asserted against it; Mack moved for a summary judgment on the negligence and breach-of-warranty claims. The trial court denied each of the motions, and the case proceeded to trial. On the morning of the trial, Mary dismissed her claims against Gulf Coast and dismissed her negligence and breach-of-warranty claims against Mack. As a result, the case was tried solely on Mary's claim against Mack of liability under the AEMLD.
At the close of Mary's case-in-chief and, again, at the close of all of the evidence, Mack moved for a judgment as a matter of law ("JML"); the trial court denied the motions. On April 12, 2000, the jury returned a verdict in favor of Mary, awarding punitive damages in the amount of $50 million. The same day, the trial court entered a judgment on that verdict. Mack renewed its motion for a JML, or, alternatively, moved for a new trial or for a remittitur of the punitive-damages award. The trial court granted Mack's motion for a remittitur, reducing the punitive-damages award to $25 million. Mary accepted the remittitur.

II.
We have clearly stated the standard for appellate review of a trial court's ruling on a motion for a JML made after the return of the verdict:
"The standard of review applicable to a ruling on a [renewed] motion for [a JML] is identical to the standard used by the trial court in granting or denying a motion for [a JML]. Thus, in reviewing the trial court's ruling on the motion, we review the evidence in the light most favorable to the nonmovant, and we determine whether the party with the burden of proof has produced sufficient evidence to require a jury determination.
"....
"... In ruling on a [renewed] motion for a [JML], the trial court is called upon to determine whether the evidence was sufficient to submit a question of fact to the jury; for the court to determine that it was, there must have been `substantial evidence' before the jury to create a question of fact. `[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably *309 infer the existence of the fact sought to be proved.'"
American Nat'l Fire Ins. Co. v. Hughes, 624 So.2d 1362, 1366-67 (Ala.1993) (citations omitted).
"`The jury's verdict is presumed to be correct, and that presumption is strengthened by the trial court's denial of the motion for a new trial.'" Williams v. Williams, 786 So.2d 477, 480 (quoting Friendly Credit Union v. Campbell, 579 So.2d 1288, 1291 (Ala.1991)). "This Court will not reverse a judgment on a jury verdict on a weight-of-the-evidence basis unless the evidence, when viewed in a light most favorable to the nonmovant, shows that the verdict was plainly and palpably wrong and unjust." Id.

III.
Mack argues that Mary failed to show that the Mack truck Tonnie Ray was driving at the time of the accident was defective. Our review of the record leads us to conclude that Mary presented substantial evidence from which a jury could have reasonably concluded that the particular truck Tonnie Ray was driving was defective. We affirm the trial court's judgment holding Mack liable for Tonnie Ray's death based on the peculiar facts of this case. We note that this case is extremely fact intensive and under those circumstances has no meaningful precedential value.

IV.
Mack argues that the $25 million punitive-damages award is excessive in light of the "guideposts" set forth in BMW of North America, Inc. v. Gore, 701 So.2d 507, 512-15 (Ala.1997), and those factors recognized by this Court in Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986), and Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989). We review the trial court's award of punitive damages de novo, with no presumption of correctness. Acceptance Ins. Co. v. Brown, 832 So.2d 1, 24 (Ala.2001).
This Court has not addressed a punitive-damages award in a wrongful-death action brought under the AEMLD of the magnitude of the $25 million punitive-damages award in this case. In General Motors Corp. v. Johnston, 592 So.2d 1054 (Ala. 1992), the engine of a pickup truck stalled when the driver of the truck was attempting to drive through an intersection. A tractor-trailer truck struck the pickup truck, and the pickup-truck driver's seven-year-old grandson died as a result of the collision. The child's mother sued General Motors, alleging that the pickup truck was defective under the AEMLD. After a trial, the jury returned a verdict in the mother's favor and awarded her $15 million in punitive damages. On appeal, the Court remitted the punitive-damages award to $7.5 million. Id. at 1064.
Our de novo review of the punitive-damages award in this case, made in light of Gore, Hammond, Green Oil, and Johnston, supra, leads us to conclude that the trial court should have further reduced the jury's punitive-damages award and that the punitive-damages award should have amounted to no more than $6 million. Therefore, we affirm the trial court's judgment on the condition that Mary file with this Court, within 21 days of the date of this opinion, an acceptance of a remittitur of the punitive-damages award in the amount of $19 million, which would result in a judgment for her of $6 million in punitive damages. If Mary does not file the acceptance of the remittitur as ordered herein, then the trial court's judgment will be reversed and the case remanded for a new trial.
*310 AFFIRMED CONDITIONALLY.[*]
HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
MOORE, C.J., concurs in the result.
SEE and STUART, JJ., dissent.
SEE, Justice dissenting.
I respectfully dissent from the per curiam opinion. Based on my review of the record, I cannot conclude that Mary presented substantial evidence that would support a jury verdict against Mack of liability under the AEMLD. See Beech v. Outboard Marine Corp., 584 So.2d 447, 450 (Ala.1991).
STUART, J., concurs.
NOTES
[*] Note from the reporter of decisions: On June 18, 2003, the Supreme Court issued a "certificate of judgment of affirmance" reading as follows:

"Appellee Mary Witherspoon, as administratrix of the estate of Tonnie Ray Witherspoon, deceased, having filed, in accordance with this Court's opinion, an acceptance of a remittitur resulting in a judgment for her of $6 million in punitive damages.
"IT IS CONSIDERED, ORDERED AND ADJUDGED that the judgment of the court below is affirmed.
"IT IS FURTHER ORDERED that the costs of appeal be taxed against the appellant(s) as provided by Rule 35, Alabama Rules of Appellate Procedure."