DaimlerChrysler Corporation ("Chrysler") and Akin Ford/Chrysler, Inc. of Winder, Georgia ("Akin"), appeal from a judgment in favor of David Morrow awarding compensatory damages and attorney fees in Morrow's action against Chrysler and Akin alleging breach of express and implied warranties. Morrow cross-appeals from a summary judgment for Chrysler and Akin with respect to his fraudulent-suppression claim. In the appeal (case no. 1021866), we reverse and remand. In the cross-appeal (case no. 1021977), we affirm.
This dispute arose following Morrow's purchase from Akin of a Dodge Ram 3500 pickup truck manufactured by Chrysler ("the truck"). Morrow purchased the truck on March 27, 1997, for use in his "less than truckload freight" business. Specifically, that business involved the hauling of commercial signs on a trailer that was to be pulled by the truck. Morrow had several trailers, ranging in length from 16 feet to approximately 40 feet. *Page 863 
When he purchased the truck, Morrow received a written warranty from Chrysler. The warranty provided, in pertinent part, that it "cover[ed] the cost of all parts and labor needed to repair any defective item on [the] truck — that is, defective in material, workmanship, or factory preparation." The warranty began when Morrow took delivery of the truck and expired at 36 months or 36,000 miles, whichever occurred first.
In early May 1997, "Morrow began noticing that the truck exhibited a bucking and jerking sensation when you were driving around 55 miles per hour." Morrow's brief, at 7. According to Morrow, the problem was "intermittent," and occurred only when he was pulling his approximately 40-foot trailer.
On June 17, 1997, after he had driven the truck 18,331 miles, Morrow took it to Akin, complaining of the jerking and bucking. Akin was not able to fix the problem on that occasion. However, according to Morrow, Akin's shop manager told him that Chrysler was "working on a solution and that as soon as he found out something, he would let [Morrow] know." Morrow testified that neither Chrysler nor Akin ever advised him as to how, or if, the jerking and bucking problem could be alleviated.
Before he had driven the truck 36,000 miles and within the three-year warranty period, Morrow again contacted Akin, because the truck continued to buck and jerk. In an attempt to resolve the problem, Akin offered to replace the truck with a new truck covered by a new warranty. However, Morrow rejected that offer, because, as he put it, there was "no guarantee that a new Dodge truck would not do the same thing as the one [he] already owned."
Morrow continued to use the truck in his business until approximately April 1998. By that time, the truck had been driven more than 100,000 miles. He then began to rent a tractor-trailer rig to use in his sign-hauling business. Subsequently, Morrow used the truck on two or three additional business trips; he primarily used the truck as his personal vehicle. By March 2003, when the case was tried, Morrow had driven the truck approximately 248,000 miles.
On October 27, 1998, Morrow sued Chrysler and Akin. Morrow's complaint included a claim against Chrysler alleging a breach of express warranty, a claim against Akin alleging a breach of an implied warranty of merchantability, and a claim against both Chrysler and Akin alleging fraudulent suppression. Also, Morrow sought attorney fees under § 8-20-8, Ala. Code 1975, a part of the Motor Vehicle Franchise Act, § 8-20-1 et seq., Ala. Code 1975 ("the Act").
After considerable discovery, Chrysler and Akin filed a motion for a summary judgment, which the trial court granted with respect to Morrow's fraudulent-suppression claim. Ultimately, the case was tried before a jury. Chrysler and Akin timely filed a motion for a judgment as a matter of law ("JML"), which the trial court denied. The case was submitted to the jury on Morrow's claims that Chrysler had breached its express warranty and that Akin had breached the implied warranty of merchantability. The jury returned a general verdict in the amount of $93,500 against Chrysler and Akin.
After the trial, Chrysler and Akin renewed their motion for a JML and, alternatively, moved for a new trial. Also, Morrow moved for an award of attorney fees under the Act. On June 27, 2003, the trial court denied Chrysler and Akin's postjudgment motions and granted Morrow's motion, awarding $120,540 in attorney *Page 864 
fees. Chrysler and Akin appealed, and Morrow cross-appealed.
 I. The Appeal
Chrysler and Akin contend the trial court erred in denying their motion for a JML made after the return of the verdict.
 "We have clearly stated the standard for appellate review of a trial court's ruling on a motion for a JML made after the return of the verdict:
 "`The standard of review applicable to a ruling on a [renewed] motion for [a JML] is identical to the standard used by the trial court in granting or denying a motion for [a JML]. Thus, in reviewing the trial court's ruling on the motion, we review the evidence in the light most favorable to the nonmovant, and we determine whether the party with the burden of proof has produced sufficient evidence to require a jury determination.
"`. . . .
 "` . . . In ruling on a [renewed] motion for a[JML], the trial court is called upon to determine whether the evidence was sufficient to submit a question of fact to the jury; for the court to determine that it was, there must have been "substantial evidence" before the jury to create a question of fact. "[S]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved."'
 "American Nat'l Fire Ins. Co. v. Hughes, 624 So.2d 1362, 1366-67 (Ala. 1993) (citations omitted)."
Mack Trucks, Inc. v. Witherspoon, 867 So.2d 307, 308 (Ala. 2003).
Akin argues that, despite "the jerking and bucking `defect' . . ., [the] truck is merchantable as a matter of law, and the trial court erred by submitting the implied warranty of merchantability claim to the jury." Akin's brief, at 21-22. In response, Morrow argues that "the truck was so dangerous as to the jerking and bucking as to not be merchantable." Morrow's brief, at 48. Thus, we must determine whether Morrow produced substantial evidence indicating that the truck was not merchantable.
The implied warranty of merchantability is found in Ala. Code 1975, § 7-2-314. "[A] warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." §7-2-314(1). "Goods to be merchantable must be at least such as . . . [a]re fit for the ordinary purposes for which such goods are used." § 7-3-314(2)(c). "[T]he term [merchantability] means that a good sold carries with it an inherent soundness which makes that good suitable for the purpose for which it was designed."Agri-Business Supply Co. v. Hodge, 447 So.2d 769, 773
(Ala.Civ.App. 1984).
Morrow contends he offered substantial evidence in support of his breach-of-implied-warranty claim. Specifically, he points to the bucking and jerking problem, which, according to his evidence, damaged the truck and caused it to be dangerous. However, other undisputed evidence belies his contention.
First, the problem was, by Morrow's own admission, "intermittent"; it occurred only when he was pulling his longest trailer at "around 55 miles per hour." Also, despite the problem, Morrow used the truck in his business for approximately one year, driving it more than 100,000 miles. Subsequently, Morrow used the truck on two or three additional business trips, primarily using the truck as his personal vehicle. Ultimately, by the time of *Page 865 
trial, Morrow had driven the truck approximately 248,000 miles. In our opinion, Morrow's extensive use of the truck since its delivery precludes Morrow's claim that the truck was not fit for the ordinary purposes for which such trucks are used. SeeTerrell v. R A Mfg. Partners, Ltd., 835 So.2d 216, 229
(Ala.Civ.App. 2002). Therefore, the trial court erred in denying Akin's renewed motion for a JML with respect to Morrow's breach-of-implied-warranty claim.
With respect to Morrow's breach-of-express-warranty claim, Morrow and Chrysler agree that the legal principles relevant to that claim were stated by this Court in Lipham v. General MotorsCorp., 665 So.2d 190, 192 (Ala. 1995):
 "In order to establish a breach of an express warranty, . . . the plaintiff must show that `the warranty failed of its essential purpose'; that either the dealer refused to repair or replace the malfunctioning component, or failed to do so `within a reasonable time.' Ag-Chem Equip. Co. v. Limestone Farmers Co-op., Inc., 567 So.2d 250 (Ala. 1990)."
Therefore, the relevant inquiry is whether Morrow offered substantial evidence indicating that Chrysler's warranty failed of its essential purpose.
Morrow argues that his breach-of-express-warranty claim was supported by substantial evidence, because "[t]he undisputed evidence is that the truck has jerked and bucked [since] two and one-half months after [he] purchased the vehicle and at 18,331 miles[, and] [n]either Akin nor Chrysler repaired the truck thereafter within a reasonable time." Morrow's brief, at 48. However, it is undisputed that Chrysler, within a few months after the jerking and bucking began, and before the truck had been driven 36,000 miles, offered to replace the truck with a new truck covered by a new warranty. Morrow rejected the offer because there was "no guarantee that a new Dodge truck would not do the same thing." We simply cannot conclude, under those circumstances, that Chrysler's express warranty "failed of its essential purpose." See Feil v. Wittern Group, Inc.,784 So.2d 302, 311 (Ala.Civ.App. 2000) ("[W]e conclude that Feil did not present substantial evidence indicating that the express warranties provided by Continental and VendNet failed [of] their essential purpose. In fact, Feil himself testified that neither Continental nor VendNet ever failed or refused to supply him with replacement parts that he needed during the warranty period."). See also Ag-Chem Equip. Co. v. Limestone Farmers Coop., Inc.,567 So.2d 250, 252 (Ala. 1990) (holding that an express warranty did not fail of its essential purpose where purchaser never tendered an engine to the seller so that the engine could be repaired, because, according to the purchaser, it had experienced problems with another rebuilt engine and did not want the engine in question rebuilt). Therefore, the trial court erred in denying Chrysler's renewed motion for a JML with respect to Morrow's breach-of-express-warranty claim.
For the foregoing reasons, the judgment in favor of Morrow and against Chrysler and Akin is reversed, and the cause is remanded for the entry of an order consistent with this opinion.
 II. The Cross-Appeal
Morrow contends the trial court erred in entering a summary judgment for Chrysler and Akin with respect to his fraudulent-suppression claim. As understood by Chrysler and Akin, as well as this Court, the basis of that claim "seems to [be] that Chrysler and/or Akin intentionally and actively concealed problems that had occurred in certain other Dodge Ram 3500's." Chrysler and Akin's reply brief, *Page 866 
at 13. A brief analysis of Morrow's argument demonstrates that his contention is without adequate support.
The statutory basis for a fraudulent-suppression claim is §6-5-102, Ala. Code 1975, which provides:
 "Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case."
(Emphasis added.) Citing § 6-5-102, Morrow argues that Chrysler and Akin had "a duty to disclose" certain similar problems that had occurred in other Dodge Ram trucks like his. Morrow's brief, at 65. However, Morrow cites no authority supporting the recognition of a duty to disclose under the facts of this case. Indeed, as Chrysler and Akin point out, "[t]he cases on which Morrow relies to support his theory of fraud . . . rejected the argument that there exists some generalized duty to disclose similar problems occurring in other vehicles." Chrysler and Akin's reply brief, at 13-14. See Mason v. Chrysler Corp.,653 So.2d 951 (Ala. 1995); McGowan v. Chrysler Corp., 631 So.2d 842
(Ala. 1993). Thus, this Court must conclude that Morrow has not demonstrated that the trial court erred in entering a summary judgment with respect to his fraudulent-suppression claim. That summary judgment is affirmed.
1021866 — REVERSED AND REMANDED.
HOUSTON, SEE, LYONS, BROWN, HARWOOD, and STUART, JJ., concur.
JOHNSTONE, J., concurs in part and dissents in part.
1021977 — AFFIRMED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.